Karl Hinze LaGRAND, Petitioner,

v.

Samuel LEWIS, et al., Respondents.

Walter Burnhart LaGRAND, Petitioner,

v.

Samuel LEWIS, et al., Respondents.

No. CV 92–026 TUC JMR.

United States District Court,
D. Arizona.

March 30, 1995.

Carla G. Ryan, Tucson, AZ, Lawrence B. Weeks, Berkeley, CA, and Bruce A. Burke, Tucson, AZ, for plaintiffs.

Grant Woods, Atty. Gen. and Diane M. Ramsey, Asst. Atty. Gen., Crim. Appeals Section, Phoenix, AZ, for defendants.

## ORDER

ROLL, District Judge.

Pending before the Court is petitioners' challenge to the constitutionality of lethal

injection as a method of execution. This is the last in a series of three orders in which the Court has considered respondents' motions for summary judgment, filed April 19, 1993. Petitioners' remaining argument is that this method of execution, which will be utilized in their executions unless petitioners affirmatively choose lethal gas, A.R.S. § 13–704(B), poses too great a risk of extreme pain to the condemned, and must therefore be struck down.

While the Supreme Court has rarely pronounced on the constitutionality of various methods of execution, two recent cases in the Ninth Circuit provide guidance on this issue. In *Campbell v. Wood*, 18 F.3d 662 (9th Cir. 1994) (en banc), the Ninth Circuit affirmed the constitutionality of Washington's use of judicial hanging as a method of execution. Applying the holding of *Campbell*, a district judge in the Northern District of California recently struck down California's use of the gas chamber. *Fierro v. Gomez*, 865 F.Supp. 1387 (N.D.Cal.1994).

■ According to *Campbell*, one focus of this inquiry is whether the challenged method was accepted at the time of the passage of the Bill of Rights. *Campbell*, 18 F.3d at 681. This inquiry is not dispositive, however, as the challenged method must also be weighed against "the evolving standards of decency that mark the progress of a maturing society." *Id.*, 18 F.3d at 682 (quoting *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958)). As lethal injection was unknown at the time of the passage of the Bill of Rights, this Court must focus entirely on whether this method comports with current societal norms.

■ *Campbell* requires that this inquiry focus on objective factors to the maximum extent possible. *Id.* One of these factors is that the passage of the challenged method by society's representatives accords that method a presumption of constitutionality. *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 175, 96 S.Ct. 2909, 2926, 49 L.Ed.2d 859 (1976)). The other, and in methodology cases such as the case at bar, more important, factor is the quantum of pain that the condemned must endure in the process of being executed. *Id.* Judge Patel applied this holding to rule that

objective evidence of pain must be the primary consideration, with evidence of legislative trends also to be considered where the evidence of pain is not dispositive. *Fierro*, 865 F.Supp. at 1412.

■ Petitioners heavily rely on the affidavit of John Davis Palmer, Ph.D., M.D., to establish the proposition that the administration of the three drugs utilized in Arizona is fraught with a substantial risk of pain to the condemned. Dr. Palmer reviewed the written Internal Management Procedures ("IMP's") of the Arizona State Prison Complex at Florence ("ASPC–Florence") relating to executions and concluded that the lack of specific guidelines controlling the dosage, sequence and delivery rate exposes the condemned to a risk that the drugs will not be administered properly, and an improper procedure could cause the condemned to feel great pain. The written instructions also do not prescribe a level of training for the "consultants," who apparently carry out the execution. Dr. Palmer concludes that the severe infliction of pain could result from repeated attempts to insert the intravenous catheter into the condemned's veins. He also points out that if the catheter is not inserted in a vein, the drugs would be injected into the muscle tissue, producing a much slower rate of absorption.

While the relevant IMP's do not make explicit the exact protocol utilized by Arizona, they clearly indicate that executions are to be conducted under the direction of the ASPC–Florence Facility Health Administrator, knowledgeable personnel are to be used, and that the presence of a physician is required. The physician is to monitor the condemned's vital signs, record the time of execution, the time of cardiac arrest, and issue an unofficial time of death. The Court finds that the written procedures are not constitutionally infirm simply because they fail to specify in explicit detail the execution protocol. Petitioners' argument challenging the procedural safeguards is based entirely on speculation. The eye-witness reports of the executions of the two Arizona inmates who have been executed by this method support the finding that the condemned lose

consciousness within seconds, and death occurs with minimal pain within one to two minutes. The Court also notes in passing that petitioners' argument that physicians and nurses would violate professional ethical norms in assisting in executions has no impact on the constitutionality of this method of execution. The Court therefore concludes that petitioners have not carried their burden of showing that the challenged method exposes them to more than a negligible risk of being subjected to a cruel and wanton infliction of pain.

Furthermore, lethal injection comports with current societal norms. In *Fierro,* Judge Patel points out that at least twenty-six states and the federal government have adopted this method of execution. *Fierro,* 865 F.Supp. at 1406. California prison officials have concluded that lethal injection is currently the "state-of-the-art execution technique." *Id.,* 865 F.Supp. at 1408. Lethal injection's legislative acceptance is mirrored by its judicial acceptance. Every court to examine lethal injection has affirmed its constitutionality. *Kelly v. Lynaugh,* 862 F.2d 1126, 1135 (5th Cir.1988), *cert. denied,* 492 U.S. 925, 109 S.Ct. 3263, 106 L.Ed.2d 608 (1989); *Woolls v. McCotter,* 798 F.2d 695, 698 (5th Cir.1986), *cert. denied,* 478 U.S. 1031, 107 S.Ct. 15, 92 L.Ed.2d 769 (1986); *Hill v. Lockhart,* 791 F.Supp. 1388, 1394 (E.D.Ark. 1992) (holding that lethal injection is "the most humane type of execution available"); *Felder v. Estelle,* 588 F.Supp. 664, 674 (S.D.Tex.1984); *State v. Hinchey,* 181 Ariz. 307, ——, 890 P.2d 602, 610 (1995); *State v. Deputy,* 644 A.2d 411, 421 (Del.Super.1994); *Hopkinson v. State,* 798 P.2d 1186, 1187 (Wyo.1990); *State v. Moen,* 309 Or. 45, 786 P.2d 111, 143 (1990); *People v. Stewart,* 123 Ill.2d 368, 123 Ill.Dec. 927, 935, 528 N.E.2d 631, 639 (1988), *cert. denied,* 489 U.S. 1072, 109 S.Ct. 1356, 103 L.Ed.2d 824 (1989).

Under the foregoing analysis, the Court concludes that petitioners have failed to show that Arizona's method of lethal injection is unconstitutional. Therefore,

**IT IS HEREBY ORDERED** that respondents' motions for summary judgment **ARE GRANTED** and petitioners' petitions for writs of habeas corpus **ARE DENIED.**

**IT IS FURTHER ORDERED** that the stays of petitioners' executions, ordered by the Court on January 16, 1992, are hereby lifted.