**Ralph BAZE and Thomas C. Bowling, Appellants,**

v.

**Jonathan D. REES, Commissioner, Kentucky Department of Corrections; Glenn Haeberlin, Warden, Kentucky State Penitentiary; and Ernie Fletcher, Governor of Kentucky, Appellees.**

No. 2005–SC–0543–MR.

Supreme Court of Kentucky.

Nov. 22, 2006.

Rehearing Denied April 19, 2007.

John Palombi, Assistant Public Advocate, Department of Public Advocacy, David M. Barron, Department of Public Advocacy, Frankfort, Counsel for Appellants.

Holly Lynn Harris–Ray, Justice and Public Safety Cabinet, Office of Legal Services, Jeffrey Thomas Middendorf, Justice and Public Safety Cabinet, Office of Legal Services, David A. Smith, Assistant Attorney General, Office of Attorney General,

Criminal Appellate Division, Frankfort, Counsel for Appellees.

Opinion of the Court by Justice WINTERSHEIMER.

This appeal is from a decision of the circuit court denying relief sought by Baze and Bowling in the form of a declaratory judgment. This action was filed in accordance with CR 57, which outlines the procedure for obtaining a declaratory judgment pursuant to KRS 418.040.

The single issue is whether the lethal injection provisions for execution protocol violate or threaten to violate the rights of Baze and Bowling to be free from cruel and unusual punishment.

Baze and Bowling argue that the lethal injection method is cruel and unusual punishment forbidden by the Eighth Amendment to the United States Constitution and Section 17 of the Kentucky Constitution. There are no questions in this case involving the guilt or convictions of either defendant. The recommendations by the jury of death sentences are also not in question. The only issue to be decided is the manner in which the Commonwealth of Kentucky will carry out the sentences on the convicted individuals.

Baze and Bowling were both convicted of double murders and each was sentenced to death. Both Bowling and Baze have completely exhausted all of the legitimate state and federal means for challenging their convictions and the propriety of the death sentences. Both have refused to select a method of execution as provided by KRS 431.220. The statutory option allows an inmate to choose electrocution or to submit to the default of lethal injection as punishment.

As background to this matter, we believe it is appropriate to recall briefly the underlying facts in each case. Baze was convicted by a jury of two murders for shooting two law enforcement officers three times in the back with an assault rifle when the officers were attempting to serve him with five felony fugitive warrants from Ohio. *See Baze v. Commonwealth,* 965 S.W.2d 817 (Ky.1997). A jury convicted Bowling of the murders of a husband and wife as they sat in their automobile in a parking lot outside a Lexington dry cleaning shop. *See Bowling v. Commonwealth,* 873 S.W.2d 175 (Ky.1993).

The trial judge on April 18, 2005, began a bench trial to determine the sole issue regarding the propriety of the lethal injection protocol. Seventeen depositions were presented and twenty witnesses were called to trial to testify including various Department of Corrections personnel, physicians, issues advocates and researchers. The trial ended on May 10. The trial judge issued his decision on July 8, 2005. This case comes to our Court as a matter of right.

## I. Standard of Review

■ Pursuant to CR 57 and KRS 418.040, Baze and Bowling sought a declaratory judgment that the lethal injection method of execution violates their federal and state rights to be free from cruel and unusual punishment. *Woods v. Commonwealth,* 142 S.W.3d 24 (Ky.2004), provides that in order to succeed, they must establish such constitutional violations by a preponderance of the evidence. Our review is *de novo* as to the conclusions of law. *Rehm v. Clayton,* 132 S.W.3d 864 (Ky. 2004).

■ A method of execution is considered to be cruel and unusual punishment under the Federal Constitution when the procedure for execution creates a substantial risk of wanton and unnecessary infliction of pain, torture or lingering death. *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct.

2909, 49 L.Ed.2d 859 (1976). In reviewing whether the method of execution is a constitutional violation, courts must consider whether it is contrary to evolving standards of decency that mark the progress of a maturing society. *See Trop v. Dulles*, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). Prior interpretation of Section 17 of the Kentucky Constitution provides that a method of punishment is cruel and unusual if it shocks the moral sense of all reasonable men as to what is right and proper under the circumstances. *See Weber v. Commonwealth*, 303 Ky. 56, 196 S.W.2d 465 (1946); *See also Weems v. U.S.*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

### Circuit Court Decision

■ This action is a declaratory judgment and the standard of review on appeal is that which is used in a civil matter. CR 52.01 has long held that matters of fact tried before a judge without a jury are to be reviewed under the clearly erroneous standard. The rule provides in pertinent part that findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. *See Largent v. Largent*, 643 S.W.2d 261 (Ky.1982).

A careful review of this matter indicates there is no reason to believe that the circuit judge was clearly erroneous in any of his findings of fact. They are supported by substantial evidence. Consequently, the decision of the trial judge was not clearly erroneous nor was there any abuse of discretion. Thus, the reviewing court should not substitute its opinion for that of the trier of fact in the absence of clear error.

After an extensive bench trial in which the judge received evidence at length and recognized the arguments and briefs of the parties, the circuit judge denied the relief sought. He concluded that the lethal injection protocol is in conformity with KRS 431.220. The protocol provides for a continuous administration of the lethal injection chemicals and that the argument to the contrary is predicated on a very strained interpretation of the "continuous administration" language of the statute.

A brief summary of the findings and conclusions of the trial judge follows:

1) Baze and Bowling have not demonstrated by a preponderance of the evidence that the method of execution by lethal injection deviates from contemporary norms and societal standards in regard to capital punishment. *Cf. State of Connecticut v. Webb*, 252 Conn. 128, 750 A.2d 448, 457 (2000), which states in part that of the 38 states permitting capital punishment approximately 34 have adopted lethal injection and have done so because it is universally recognized as the most humane method of execution and the least apt to cause unnecessary pain.

2) There has been no demonstration by a preponderance of the evidence that the method of execution in Kentucky by lethal injection offends the dignity of the prisoners and society as a whole.

3) Baze and Bowling have not demonstrated by a preponderance of evidence that the method of execution by lethal injection in Kentucky inflicts unnecessary physical pain. Evidence was considered that other drugs were available that may decrease the possibility of pain but the constitutional provisions do not provide protection against all pain, only cruel and unusual punishment. Although alleged that there are other drugs which may further assure the condemned person feels no pain, there is no requirement to select the least severe penalty so long as the penalty is not cruel or unusual. *See Gregg, supra.*

4) It has not been demonstrated by a preponderance of the evidence that the method of execution in Kentucky by lethal injection inflicts unnecessary psychological suffering.

5) It has not been demonstrated by a preponderance of the evidence that the method of legal injection in Kentucky is so inept that it deprives the parties of due process and fundamental fairness. In the event of a possible stay, the Kentucky method recognizes the necessary steps for revival sufficient to satisfy the due process rights of the convicted parties.

6) The circuit judge concluded that the preponderance of the evidence indicates that the procedure which attempts to insert an intravenous catheter into the neck through the carotid artery or jugular vein does create a substantial risk of wanton and unnecessary infliction of pain and that only that portion of the legal injection protocol was stricken as violating the safeguards against cruel and unusual punishment. The Department of Corrections has since amended its previous protocol to meet the directions of the circuit court.

II. History of Execution in Kentucky

Prior to 1998, executions within the Commonwealth were conducted pursuant to the then authorized method of electrocution. KRS 431.220. The current version of that statute provides for lethal injection as the primary means of execution. KRS 431.220(1)(a). Prisoners sentenced to death prior to the effective date of the current version of the statute are granted the option of selecting the previous method of electrocution. KRS 431.220(1)(b). Should the prisoner refuse to elect an option, lethal injection will be utilized as the default method of execution. *Id.*

It is not the role of this Court to investigate the political, moral, ethical, religious, or personal views of those on each side of this issue. The Legislature has given due consideration to these matters. We are limited in deciding only whether the method defined by the Legislature and signed into law by the Executive, survives constitutional review. Baze and Bowling must establish by a preponderance of the evidence that the methods of execution result in a constitutional violation. *Woods v. Commonwealth,* 142 S.W.3d 24 (Ky.2004).

We must examine the methods and consider whether they are contrary to evolving standards of decency that mark the progress of a maturing society. *Trop v. Dulles, supra.* Any method of punishment is cruel and unusual if it shocks the moral sense of reasonable men as to what is right and proper under the circumstances. *Weber v. Commonwealth, supra.* Our guidelines include whether the method comports with the contemporary norms and standards of society; whether it offends the dignity of the condemned or society; and whether it inflicts unnecessary physical pain or psychological suffering. *Weems v. United States, supra.* The method of execution must not create a substantial risk of wanton or unnecessary infliction of pain, torture or lingering death. *Gregg v. Georgia, supra.*

III. Electrocution as a Method of Execution

We have previously examined electrocution as a method of execution and found it did not rise to the level of unconstitutional punishment. *Smith v. Commonwealth,* 734 S.W.2d 437 (Ky.1987); *Sanders v. Commonwealth,* 801 S.W.2d 665 (Ky.1990); *Perdue v. Commonwealth,* 916 S.W.2d 148 (Ky.1995); *Bowling v. Commonwealth,* 942 S.W.2d 293 (Ky.1997); *Foley v. Commonwealth,* 942 S.W.2d 876 (Ky.1996); *McQueen v. Parker,* 950 S.W.2d 226 (Ky. 1997). Based on a review of a number of executions within different jurisdictions,

we find no reason to change the view that electrocution remains a constitutionally viable method of execution.

### IV. Lethal Injection as a Method of Execution

■ We have previously examined lethal injection as a method of execution and held it did not violate the constitutional standards prohibiting cruel and unusual punishment. *Wheeler v. Commonwealth,* 121 S.W.3d 173 (Ky.2003). We have no reason to depart from the position set out in that case. The protocol for lethal injection execution begins with the availability of a therapeutic dose of diazepam if it is requested. Diazepam, commonly referred to as Valium, is an anti-anxiety agent used primarily for the relief of anxiety and associated nervousness and tension. Certified phlebotomists and emergency medical technicians are allowed up to an hour to then insert the appropriate needles into the arm, hand, leg or foot of the inmate.

Three grams of sodium thiopental, commonly referred to as Sodium Pentathol, are then injected. This drug is a fast acting barbiturate that renders the inmate unconscious. At this level of ingestion the person is rendered unconscious for hours. The line is then flushed with 25 milligrams of a saline solution to prevent adverse interaction between the drugs.

Fifty milligrams of pancuronium bromide, commonly referred to as Pavulon, follows. This drug causes paralysis. The purpose is to suspend muscular movement and to stop respiration or breathing. The line is again flushed with 25 milligrams of a saline solution to again prevent any adverse interaction between the drugs.

Finally, 240 milligrams of potassium chloride is injected. This chemical disrupts the electrical signals required for regular heart beat and results in cardiac arrest. An electrocardiogram verifies the cessation of heart activity. A doctor and a coroner then verify the cause of death.

■ The Eighth Amendment to the United States Constitution and Section 17 of the Kentucky Constitution both forbid cruel and unusual punishment. The use of three grams of sodium thiopental, commonly referred to as Sodium Pentathol, renders the condemned unconscious. The prohibition is against cruel punishment and does not require a complete absence of pain. Conflicting medical testimony prevents us from stating categorically that a prisoner feels no pain.

Eddie Lee Harper was the first and only convicted killer to be executed under the lethal injection protocol of Kentucky. Evidence presented by Department of Corrections personnel present at the execution indicates that Harper went to sleep within 15 seconds to one minute from the moment that the warden began the execution and never moved or exhibited any pain whatsoever subsequent to losing consciousness. *Cf. Harper v. Commonwealth,* 694 S.W.2d 665 (Ky.1985).

In addition, state and federal courts have regularly rejected arguments that lethal injection as a method of execution is cruel and unusual. *See e.g. LaGrand v. Lewis,* 883 F.Supp. 469 (D.Ariz.1995), affirmed 133 F.3d 1253 (9th Cir.1998); *Sims v. State,* 754 So.2d 657 (Fla.2000); *State v. Webb, supra; Moore v. State,* 771 N.E.2d 46 (Ind.2002); *Spencer v. Commonwealth,* 238 Va. 563, 385 S.E.2d 850 (1989).

The lethal injection method used in Kentucky is not a violation of the Eighth Amendment to the United States Constitution or Section 17 of the Kentucky Constitution's ban on cruel and unusual punishment.

Baze and Bowling have not met their burden of proof by a preponderance of the evidence as necessary in a declaratory

judgment action. The findings of fact by the trial judge are not clearly erroneous. The conclusions of law are correct.

The judgment of the circuit court is affirmed.

LAMBERT, C.J., GRAVES, MINTON and SCOTT concur together with Special Justices ADAMS and REVELL.

Justices McANULTY and ROACH, JJ., not sitting.