**REYNOLDS ENTERPRISES, INC.,**
**d/b/a Tri–State Crematory,**
**Appellant,**

v.

**KENTUCKY BOARD OF EMBALM-**
**ERS AND FUNERAL DI-**
**RECTORS, Appellee.**

**No. 2010–CA–000729–MR.**

Court of Appeals of Kentucky.

Feb. 10, 2012.

Case Ordered Published by
Court of Appeals March 30, 2012.

Discretionary Review Denied by
Supreme Court Nov. 14, 2012.

Kevin Sinnette, Ashland, KY, for appellant.

Kathleen Kearney Schell, Jeffersonville, IN, for appellee.

Before ACREE, CAPERTON and VANMETER, Judges.

*OPINION*

VANMETER, Judge:

Reynolds Enterprises, Inc. d/b/a Tri–State Crematory (hereinafter referred to as "Tri–State") appeals from the March 17, 2010, opinion and order of the Franklin Circuit Court denying its request for declaratory and injunctive relief. Specifically, the court declined to declare KRS[1] Chapter 316 unconstitutional or enjoin the

1. Kentucky Revised Statutes.

Kentucky Board of Embalmers and Funeral Directors (hereinafter referred to as "the Board") from instituting proceedings to enforce the regulations contained in KRS Chapter 316 against Tri–State. The court also held that Tri–State may not lawfully transport dead human bodies under Kentucky law based on a delegation of authority from an immediate family member of a deceased individual. For the following reasons, we affirm.

Tri–State, a Kentucky corporation with its principal office in Ashland, Kentucky, engages in routine crematory services and is duly licensed by the Cabinet for Health and Family Services, Office of Vital Statistics (hereinafter referred to as "Vital Statistics"). In 2006, upon discovering that Tri–State had transported and cremated a deceased person at the request of the deceased person's immediate family, the Board, acting pursuant to the authority delegated to it under KRS Chapter 316, requested that Tri–State cease transporting dead human bodies since only licensed funeral directors, not cremators, may lawfully transport dead human bodies for profit. The Board requested Tri–State's appearance at its regularly scheduled meeting and attempted to obtain the signature of the owner/operator of Tri–State on a Stipulation of Agreement and Affidavit admitting that Tri–State had committed acts in violation of KRS 316.030, specifically the removal and transportation of a dead human body. The Board also proposed that Tri–State pay a $500 fine. Tri–State appeared at the Board meeting, but refused to admit that a violation had occurred or pay the fine.

On January 10, 2007, upon request by the Board, the Kentucky Attorney General issued an opinion letter concerning whether KRS 316.010(4) and KRS 316.030(1) require an individual who transports a dead human body to possess a funeral director's license, or, whether KRS 213.076(1) contains an exemption that allows an unlicensed individual to transport a dead human body. The Attorney General opined that it could find no statutory authority to support the notion that an unlicensed individual may transport a dead human body; instead, as set forth in KRS 316.010, an individual who is acting for profit in transporting a dead human body must possess a funeral director's license to do so.

Tri–State then filed the underlying action, requesting that the circuit court declare KRS Chapter 316 unconstitutional as violating the due process and equal protection clauses of the Kentucky Constitution. Tri–State also requested that the Board be enjoined from regulating it under KRS Chapter 316 since it lacked authority to do so. In addition, Tri–State asked the court to declare that under the common law theory of agency, Tri–State may, as a licensed crematorium, lawfully transport a dead human body at the request of an immediate family member of the deceased individual. The circuit court agreed with the opinion of the Attorney General and denied all of Tri–State's requests. This appeal followed.

This court reviews the decision of a circuit court in a declaratory judgment action under the clearly erroneous standard set forth in CR [2] 52.01. *Baze v. Rees,* 217 S.W.3d 207, 210 (Ky.2006). Under CR 52.01, the circuit court's findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the circuit court to assess the credibility of the witnesses. *Id.* (citation omitted). Further, we review a circuit court's ruling on a request for injunctive relief for an abuse of discretion.

---

2. Kentucky Rules of Civil Procedure.

*Price v. Paintsville Tourism Comm'n*, 261 S.W.3d 482, 484 (Ky.2008) (citation omitted).

First, Tri–State argues that KRS Chapter 316 violates the due process and equal protection clauses of the Kentucky Constitution because it discriminates against crematoriums such as Tri–State in favor of licensed funeral directors by only allowing licensed funeral directors to transport dead human bodies. In other words, Tri–State claims that the Board's regulation of the transportation of dead human bodies under KRS Chapter 316 amounts to an irrational exercise in economic favoritism that is designed to protect the financial interest of the funeral home industry to the detriment of economic competitors and consumers. Tri–State further claims that KRS Chapter 316 impinges upon its fundamental right to engage in its chosen profession and creates a monopoly for funeral directors. We disagree.[3]

 Here, we are concerned with whether the circuit court erred by determining that the regulations contained in KRS 316.030(1) are rationally related to a legitimate state interest. Under Kentucky law, " '[a] statute involving the regulation of economic matters or matters of social welfare comports with both due process and equal protection requirements if it is rationally related to a legitimate state objective.' " *St. Luke Hosp., Inc. v. Commonwealth, Cabinet for Health and Family Serv., Office of Certificate of Need*, 254 S.W.3d 830, 834 (Ky.App.2008) (quoting *Wynn v. Ibold, Inc.*, 969 S.W.2d 695, 696 (Ky.1998)). The deferential rational basis standard applies to substantive due process claims involving an economic or business-related right because such rights are not considered fundamental. *Bobbie Preece Facility v. Commonwealth, Dep't of Charitable Gaming*, 71 S.W.3d 99, 103 (Ky. App.2001).

KRS 316.030(1) provides that "[n]o person shall engage in, or attempt to engage in, embalming or funeral directing in the Commonwealth of Kentucky unless the person is licensed under the provisions of this chapter." A funeral director is defined in KRS 316.010(8) as "a person who, **for profit,** engages in or represents himself or herself as engaged in the supervision, direction, and arrangement of funeral services, **transportation,** burials, and disposals of dead human bodies[.]" (Emphasis added).

 The circuit court found that the distinction between funeral directors and crematory operators reflects the state's legitimate interest in protecting the public health and welfare, due to the inherent dangers that transporting dead human bodies presents to the general public. Indeed, funeral directors are required to have specific training directed toward the prevention of the spread of communicable diseases; KRS 213.076(8) requires a funeral director to take universal blood and bodily fluid precautions as recommended by the United States Department of Health and Human Services, Centers for Disease Control for Morticians' Services.

 The court further found that Tri–State's interest in transporting dead human bodies does not rise to the level of a recognized property right under the Constitution, and thus, only the rational basis test must be met in order to uphold the legislation. The court likened the economic interest in transporting dead human

---

**3.** Tri–State extends its constitutional challenge to include KRS 213.076(1); however, since that statute pertains to filing a death certificate and does not concern transporting a dead human body, we decline to address Tri–State's arguments regarding its constitutionality.

bodies for profit to an interest in obtaining a charitable gaming license. *See Bobbie Preece,* 71 S.W.3d at 103 (holding that an interest in a charitable gaming license was more akin to a privilege than a property right). Finding that Tri–State's economic interest does not rise to the level of a property right, the court reasoned that the legislation must only meet the rational basis test, which it did. Based on our review of the record, we are unable to say that the court's findings and conclusions were clearly erroneous.

■ In the alternative, Tri–State argues that if constitutional, KRS Chapter 316 does not apply to it and the Board exceeded the scope of its authority in attempting to regulate it under KRS Chapter 316 since Tri–State is regulated by Vital Statistics. We disagree.

KRS 316.210(1) grants the Board the authority to enforce the provisions of KRS Chapter 316. KRS 316.990(1) provides that any person who violates KRS 316.030(1) by engaging in or attempting to engage in funeral directing from the time of death until the interment of a dead human body, who is not licensed under KRS Chapter 316, can be fined, imprisoned, or both for each offense.

The circuit court found that the literal language of KRS Chapter 316 expressly requires an individual who is acting for profit to obtain a funeral director's license before transporting a dead human body. *See Clevinger v. Bd. of Educ. of Pike County,* 789 S.W.2d 5, 9 (Ky.1990) (holding that "courts must accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion[ ]") (citations omitted). The court further found that the Board properly asserted its authority to enforce the provisions of KRS Chapter 316 upon discovering that Tri–State had trans-

ported a dead human body without first obtaining a license to do so.

In addition, the court referred to an opinion letter filed on behalf of Vital Statistics which raised no objection to the Board's interpretation and construction of KRS 316.030 in this matter. Moreover, the court correctly noted that KRS Chapter 367 governs crematoria and crematory operators and does not appear to contain any provision that confers upon a licensed crematory the right or privilege to transport dead human bodies. Further, KRS 213.081(1) provides:

> No person shall cremate or cause to be transported for the purpose of cremation the body of any person whose death occurs in the Commonwealth, without first obtaining from the coroner of the county in which the death occurred, a permit stating the cause of death and authorizing the cremation or transportation for cremation of the body.

The court found that if an individual does not obtain a permit under KRS 213.081(1), then only licensed individuals under KRS Chapter 316 may lawfully transport a dead human body in Kentucky. Since the record shows that Tri–State was not granted a permit to transport dead human bodies, the court found that the Board was the proper authority to regulate Tri–State's violation of KRS 316.030 in this instance. Upon review of the record and applicable law, we conclude that the circuit court did not abuse its discretion by declining to enjoin the Board from enforcing KRS Chapter 316 against Tri–State.

Lastly, Tri–State asserts that if KRS Chapter 316 is constitutional and applicable, then the common law theory of agency applies so as to permit a surviving spouse, or next of kin, to delegate his or her legal entitlement to possession of a deceased family member's body to a licensed crema-

torium for transport and, thus, Tri–State's activity was lawful. We disagree.

 Neither party challenges the common law recognition that a surviving spouse, or next of kin, is entitled to immediate possession of the body of a deceased spouse or relative and may transport the dead body without a license. *Streipe v. Liberty Mut. Ins. Co.*, 243 Ky. 15, 18, 47 S.W.2d 1004, 1005 (1932) (holding that "it has been regarded as the settled law of this country that, for the purpose of preservation and sepulture, a surviving spouse, or next of kin, in the absence of a different disposition by will, has the right to possession of the dead body[ ]"). Tri–State argues that an immediate family member of a deceased individual may lawfully delegate his or her authority to transport the body to a licensed crematorium such as itself; however, Tri–State fails to cite any authority in support of this proposition. Instead, the circuit court found that an immediate family member may not delegate the personal authority to transport a dead human body to a business that is subject to legal regulations governing the transportation of dead human bodies. The court emphasized that family members are not acting for profit when transporting a loved one's dead body, whereas Tri–State is a for-profit business subject to legal regulations. Based on our review of the record and relevant authority, we agree with the court below that the licensing requirements may not be avoided simply by a potential licensee's obtaining the permission of a family member to transport a dead human body.

In summary, the circuit court did not err by declining to declare KRS Chapter 316 unconstitutional or abuse its discretion by declining to enjoin the Board from regulating Tri–State's activity under KRS Chapter 316. In addition, the circuit court properly determined that under the common law theory of agency, Tri–State may not lawfully transport a dead human body at the request of an immediate family member of a deceased individual.

The opinion and order of the Franklin Circuit Court is affirmed.

ALL CONCUR.