RENDERED:  JANUARY 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1905-MR

RALPH GENTRY APPELLANT

APPEAL FROM MORGAN CIRCUIT COURT
v.  HONORABLE REBECCA K. PHILLIPS, JUDGE
ACTION NO. 17-CI-00071

JAMES DAVID GREEN, WARDEN
OF EASTERN KENTUCKY
CORRECTIONAL COMPLEX and
KENTUCKY DEPARTMENT OF
CORRECTIONS APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND KRAMER, JUDGES.

CALDWELL, JUDGE:  Ralph Gentry appeals *pro se* from the Morgan Circuit

Court's order denying his petition for a declaration of rights.  Finding no error in

the circuit court's action, we affirm.

## FACTS

State inmate Ralph Gentry (Gentry) was disciplined when a visitor came to see him at the Eastern Kentucky Correctional Complex and refused to comply with correctional officers' directions. The visitor was directed to open her mouth for a search after correctional officers noted she had what appeared to be a green balloon in her mouth. Rather than comply, the visitor pushed the item down her throat.

After an investigation, Gentry was charged with attempted possession or promoting of dangerous contraband on the reasonable assumption that the balloon inevitably contained a controlled substance which is contraband within a correctional facility. Following a hearing in which he was found guilty of the infraction, Gentry appealed to the warden, who affirmed the decision. He then sought review in circuit court.[1]

The Morgan Circuit Court found due process had been granted Gentry but remanded for further findings of fact sufficient to support the determination. A second disciplinary hearing was held after remand, and Gentry was again found guilty and penalized with the loss of 180 days of statutory good time and thirty (30) days of disciplinary segregation, which had already been served. He appealed

---

[1] The circuit court appeal was originally wrongfully filed in Franklin Circuit Court, rather than the proper venue of Morgan Circuit Court because of the locus of the administrative action. The matter was transferred.

to the Morgan Circuit Court once again, arguing that he had a liberty interest in having lost the ability to earn *meritorious* good time for the time period the matter was pending. The circuit court held that the ability to earn *meritorious* good time is not a protected liberty interest and the loss of 180 days good time was moot as the Department of Corrections had since restored the 180 days of *statutory* good time and affirmed the second administrative holding.[2] Further, the circuit court held that his allegation of having been treated more harshly than another inmate with similar allegations against him was not properly presented during the administrative proceeding, prohibiting appellate review by the circuit court. This appeal followed.

## STANDARD OF REVIEW

The standard of review in a declaratory judgment action is the same as other civil actions. *Baze v. Rees*, 217 S.W.3d 207, 210 (Ky. 2006). The circuit court reviews issues of law in an administrative action *de novo*, and deference should be granted an administrative agency's interpretation of the statutes and regulations it is charged with implementing. *Com., ex rel. Stumbo v. Kentucky Pub. Serv. Comm'n*, 243 S.W.3d 374, 380 (Ky. App. 2007).

---

[2] At some point during the pendency of his appeal to the Circuit Court, the Department had restored to Gentry the 180 days of statutory good time which had previously been forfeited.

## ANALYSIS

One sentenced to the supervision of the Department of Corrections as part of punishment for a felony criminal offense may earn two different types of "good time," which, if earned and applied, will reduce the total length of the time served.

> Under KRS[3] 197.045(1) prisoners generally receive ten days good-time credit for each month served for good behavior.
>
> In addition to this statutory good-time, KRS 197.045(3) provides for good-time credit not to exceed five days per month for meritorious service to be awarded by the Corrections Commissioner at his discretion. This distinction is important because statutory good-time typically is automatically awarded absent bad behavior, while meritorious good-time is awarded only upon an affirmative decision and action by the Commissioner. Under CPP[4] 15.3 an inmate must be recommended for meritorious good-time and the Commissioner has discretion whether to make an award.

*Marksberry v. Chandler*, 126 S.W.3d 747, 752 (Ky. App. 2003), *as modified on reh'g* (Jan. 30, 2004).

A prisoner has no liberty interest when the warden has discretion to award or not award a privilege, such as meritorious good time credit. This could not be any clearer:

---

[3] Kentucky Revised Statutes.

[4] Kentucky Corrections Policies and Procedures.

Because the decision whether to award meritorious good-time in the first instance is totally within the discretion of the Commissioner, a claim to any specific amount of meritorious good-time and loss due to a reduction in the amount an inmate is eligible to receive is purely speculative. The loss of the mere opportunity to earn good-time credit does not constitute a cognizable liberty interest. In addition, CPP 15.3(VI)(B) indicates that an inmate shall be considered for an award "up to" 60 days, but CPP 15.3(VII)(E)(3) states that prison personnel, "shall use discretion in determining if all or a portion" of the maximum eligibility amount is submitted to the Commissioner for approval of an award. Thus, Marksberry has not shown a protected liberty interest in meritorious good-time in that the disciplinary action caused atypical and significant hardship by inevitably affecting the duration of his original sentence.

*Id.* at 753.

As this Court has recently observed, issues which are moot will not be reviewed on appeal, and there is no loss of liberty interest when the opportunity to earn *meritorious* good time credit is lost:

> "The general rule is . . . that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed." *Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014) (citations and internal quotation marks omitted). Although the loss of statutory good time implicates a protected liberty interest, *see Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974), it is uncontroverted that Gray's statutory good time was restored to him. Despite Gray's arguments to the contrary, there is no protected liberty interest in the lost opportunity to earn meritorious good time credits. *Marksberry*, 126 S.W.3d at 753. In

addition, "inmates do not have a constitutional right to a particular security classification or to be housed in a particular institution." *Id.* at 751 (citations omitted).

*Gray v. Dep't of Corrections*, No. 2019-CA-1386-MR, 2020 WL 5084276, at \*2 (Ky. App. Aug. 28, 2020) (unpublished).

The primary issue before the Court being moot, there being no right to meritorious good time, and it being truly discretionary as to whether the Commissioner grants such to an inmate, we cannot disagree with the circuit court's decision that the loss of statutory good time matter is moot. Hence, we affirm the decision of the Morgan Circuit Court and affirm the order dismissing this action.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Ralph Gentry, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Allison R. Brown
Kentucky Department of Corrections
Frankfort, Kentucky