RENDERED: JUNE 11, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0464-MR

LORENZO CARROLL                                      APPELLANT

v.            APPEAL FROM BOYLE CIRCUIT COURT
HONORABLE DARREN W. PECKLER, JUDGE
ACTION NO. 19-CI-00429

BRAD ADAMS AND LEE MAY                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Lorenzo Carroll (Carroll), *pro se*, appeals from a February 3, 2020 order of the Boyle Circuit Court denying his petition for a declaration of rights regarding a prison disciplinary proceeding against him. Finding no error, we affirm.

# I. BACKGROUND

Carroll, while an inmate at the Northpoint Training Center (NTC), was charged with sexual assault of an officer. A disciplinary hearing was held on May 21, 2019, before an NTC adjustment committee. The adjustment committee, through adjustment committee officer Lieutenant Lee May (hereinafter "ACO"), found Carroll guilty. Carroll was assessed a penalty of non-restorable loss of 730 days' good time credit and thirty days' disciplinary segregation, with credit for 11 days served.[1]

At the hearing, the ACO read into the record a report of prison safety coordinator Keith A. Schneider (Schneider). Schneider's report read, in part, "The investigation shows that this inmate assaulted Officer [S.C.][2] while walking up the stairs of Dormitory 3 when he placed a finger between Officer [S.C.'s] buttocks."

The ACO next read aloud the contents and substance of the investigation of correctional officer Ronnie Haynes (Haynes). Haynes's report says Carroll was advised of the charges and of his due process rights, whereupon

---

[1] When pronouncing the penalty, at the conclusion of the hearing, the ACO indicated Carroll would receive 180 days of disciplinary segregation. Once reduced to writing, the penalty was transcribed as 30 days. The briefs of the parties and the trial court's order all indicate that the penalty was 30 days.

[2] We identify the officer through the use of initials under Court of Appeals Administrative Order 2006-10.

Carroll pleaded not guilty and advised he would not waive his right to a twenty-four-hour waiting period for the hearing. According to the Hayes report, Carroll did not ask to call any witnesses, and requested a legal aide, Randy Whitson (Whitson), to be present at the hearing.

After reading the reports, the ACO acknowledged Whitson's presence and asked Carroll how he wished to plead. After Carroll indicated his desire to plead not guilty, the ACO asked Carroll if he had anything to add. When Carroll did not verbally respond, the ACO asked, "Nothing?," to which Carroll did not audibly respond.[3]

At that point, the ACO said she had reviewed camera footage of the alleged incident, and that in that footage, "inmate Carroll follows [S.C.] down the stairs in dorm 3 and he waits for her to return up the stairs. While she is walking up the stairs, inmate Carroll returns behind her, follows her up the stairs and touches her buttocks by placing his finger between her butt cheeks." Based on the camera footage and Schneider's report, the ACO pronounced Carroll guilty.

On May 24, 2019, Carroll filed an administrative appeal to Brad Adams, the warden of NTC (Warden Adams). Carroll attached two letters in support of his administrative appeal. In summary, he argued that he: 1) had a pre-

---

[3] The record contains only an audio recording of the hearing.

existing flirtation or relationship with S.C. and, therefore, his touching of her was consensual; 2) did not receive 24 hours' notice of the hearing; and 3) did not receive a written copy of the charges against him. Carroll asked for a new hearing or, in the alternative, that he be restored his good time credit. The administrative appeal was denied.

Carroll filed a petition for a declaration of rights against the ACO and Warden Adams (collectively, prison officials) pursuant to KRS[4] 418.040 in the Boyle Circuit Court on December 18, 2019. In his petition, Carroll argued he was denied due process under the Fourteenth Amendment of the United States Constitution because: 1) he was denied the right to call witnesses at the hearing; 2) video evidence was considered that Carroll himself was not allowed to review; and 3) the finding of guilt was unsupported by any evidence.

Prison officials moved to dismiss the petition on January 13, 2020. In support of their motion to dismiss, prison officials provided the circuit court an audio copy of the adjustment committee hearing. They argued Carroll was afforded sufficient due process as he was given the right to call witnesses, was provided a copy of a written statement by the fact finder concerning the finding of guilt, and waived written notice of the charges against him. Finally, prison

---

[4] Kentucky Revised Statutes.

officials argued that the video of the incident reviewed by the ACO amounted to "some evidence" of guilt.

Rather than granting or denying the prison officials' motion to dismiss, the trial court entered a final order on February 3, 2020 denying Carroll's petition for declaration of rights. This appeal followed.

## II. STANDARD OF REVIEW

Generally, we review the decision of the circuit court in a declaratory judgment under a clearly erroneous standard. *Reynolds Enterprises, Inc. v. Kentucky Bd. of Embalmers and Funeral Directors*, 382 S.W.3d 47, 49 (Ky. App. 2012). This standard, however, is based on CR[5] 52.01, which provides that in actions tried without a jury, "the court shall find the facts specifically" and that those "[f]indings of fact [] shall not be set aside unless clearly erroneous." However, CR 52.01 does not require the court to make any findings of fact and conclusions of law where there has been no trial on the matter. *Page v. Louisville*, 722 S.W.2d 60, 61 (Ky. App. 1986).

While the circuit court's February 3, 2020 order is not styled a summary judgment, because it contains no findings of fact or conclusions of law yet disposed of the case, we believe it should be construed as such. "A grant of summary judgment is reviewed *de novo* because factual findings are not at issue."

---

[5] Kentucky Rules of Civil Procedure.

*Feltner v. PJ Operations*, 568 S.W.3d 1, 3 (Ky. App. 2018). We will review the order under that standard.

When reviewing an inmate's petition for declaration of rights concerning prison discipline, the circuit court is constrained by the administrative record. "While technically original actions, these inmate petitions share many of the aspects of appeals." *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997). In *Smith*, we held:

> The court seeks not to form its own judgment, but, with due deference, to ensure that the agency's judgment comports with the legal restrictions applicable to it. The focal point for [this] judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court. These petitions thus present circumstances in which the need for judicial factfinding is greatly reduced.

*Id.* at 355-56 (internal quotation marks and citations omitted).

The summary judgment standard therefore must be qualified. "The problem is to reconcile the requirement under the general summary judgment standard to view as favorably to the non-moving party as is reasonably possible the facts and any inferences drawn therefrom, with a reviewing court's duty to acknowledge an agency's discretionary authority, its expertise, and its superior access to evidence." *Id*. at 356.

# III. ANALYSIS

## A. *Wolff v. McDonnell*

The right to due process has two categorical distinctions: procedural due process and substantive due process. *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 863, 130 S. Ct. 3020, 3091, 177 L. Ed. 2d 894 (2010). The former ensures fair process when protected rights are abridged, while the latter provides protection against governmental interference with certain fundamental rights that are encompassed in the terms life, liberty, and property. *Id.*

When procedural due process protection is warranted based upon the consequences of inmate discipline, pursuant to *Wolff v. McDonnell*, 418 U.S. 539, 563-67, 94 S. Ct. 2963, 2978-80, 41 L. Ed. 2d 935 (1974), the inmate is entitled to receive:

> (1) advance written notice of the disciplinary charges;
> (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and
> (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

Because Carroll's punishment for the alleged violations resulted in the loss of non-restorable good time credits, a protected liberty interest has been implicated. *See Wolff,* 418 U.S. at 557, 94 S. Ct. at 2963. Thus, we must determine if the circuit court erred in ruling that the elements of *Wolff* were met as a matter of law.

Carroll argues that he was denied procedural due process because he was not allowed to view the videotape of the incident prior to the hearing and because he was denied the right to call S.C. as a witness. We discuss each of these claims in turn.

The Kentucky Supreme Court has held that an inmate does not have an unlimited constitutional right to view video footage in a prison disciplinary case. *Ramirez v. Nietzel*, 424 S.W.3d 911, 920 (Ky. 2014). Due process is satisfied if an administrative officer views the footage and in turn considers its weight in making a finding of guilt or innocence. *Id*. The administrative record indicates the ACO did review the footage, and in doing so confirmed that Carroll placed his finger between S.C.'s buttocks. We agree with the trial court that this satisfied the requirements of procedural due process.

Although in some circumstances due process requires an inmate access to potentially exculpatory evidence on video, this perceived right is tempered by a prison's interest in "preventing undue hazards to institutional safety or correctional goals." *Id*. at 915. Ordinarily, in denying an inmate's request to view video evidence, prison officials must articulate their reasoning. *Id*. at 919. Here, the administrative record is devoid of any discussion as to why Carroll would not be allowed to review the tape. However, Carroll did not raise the issue when given the opportunity to speak at the hearing. Nor did he offer any testimony

to mitigate the ACO's account of what she viewed in the video. Finally, in neither his appeal to Warden Adams nor his petition in the circuit court did Adams deny touching S.C. in the manner alleged. Thus, there was no issue of material fact for the circuit court to consider and no reason to conclude Carroll was deprived of due process.[6]

Similarly, the circuit court appropriately rejected Carroll's argument that he was prevented from calling S.C. as a witness and denied due process thereby. Again, we must consider Carroll's argument in light of the administrative record. Prison investigator Schneider reported that Carroll did not ask to call any witnesses. Carroll did not object when the report was read into the record, nor did he attempt to call S.C. as a witness during the disciplinary hearing. Carroll claims he requested the opportunity to call S.C. prior to the hearing, however, Carroll did not raise this issue in his appeal to Warden Adams. The administrative record is silent as to any request by Carroll to call S.C. as a witness, let alone that such a request was rejected.

The circuit court therefore correctly ruled that Carroll was afforded sufficient procedural due process under *Wolff*.

---

[6] While Carroll claims in his brief he requested that the ACO view video footage of previous consensual contact between him and S.C., this issue was not raised in the court below. "[S]pecific grounds not raised before the trial court, but raised for the first time on appeal will not support a favorable ruling on appeal." *Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 852 (Ky. 2016).

### B. *Walpole v. Hill*

Finally, Carroll argues that the circuit court erred in ruling that the ACO's finding of guilt against him comported with *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2773, 86 L. Ed. 2d 356 (1985). In *Walpole*, the Unites States Supreme Court held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board[.]" *Id.* at 455, 105 S. Ct. at 2774.

Though Carroll does not deny the existence of evidence that he touched S.C. by placing his finger between her buttocks, he argues that this evidence should have been viewed in the context of their existing relationship. As set forth above, however, Carroll did not present any evidence of an existing relationship at the hearing. This argument is an attempt to flip *Walpole* on its head, inferring that the "some evidence" standard requires an adjustment officer to give an inmate the benefit of any conceivable inference even in light of compelling evidence. This is simply not the case.

We have held that evidence supporting inmate discipline need not be compelling and that a finding of guilt may be supported by reasonable inferences drawn from indirect evidence. *Smith*, 939 S.W.2d at 357. In the instant case, the ACO reviewed video footage which shows a lewd act committed on a corrections officer with her back turned to Carroll. Carroll did not at the hearing, nor has he

-10-

ever, denied doing so.  The ACO undoubtedly relied on some evidence to support

Carroll's finding of guilt, and the circuit court did not err in so holding.

## IV. CONCLUSION

For the foregoing reasons, we affirm the order of the Boyle Circuit

Court denying Carroll's petition for declaration of rights.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Lorenzo Carroll, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Kristin Wehking
Frankfort, Kentucky