Louis GLOGOWER, Appellant,

v.

Daniel CRAWFORD, Appellee.

No. 98–SC–00150–D.

Supreme Court of Kentucky.

Sept. 23, 1999.

Steven A. Snow, Louisville, for Appellant.

Scott D. Spiegel, Donald L. Cox, Petersen S. Thomas, Melanie A. Kennedy, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, for Appellee.

KELLER, Justice.

Louis Glogower, along with another plaintiff who is not a party to this appeal, brought a collection action against G. Daniel Crawford. Glogower did not personally appear for the trial; however, Glogower's co-plaintiff and their joint counsel did appear and announced that they were ready for trial. At the conclusion of evidence following a bench trial, the judge entered a directed verdict dismissing Glogower's claim because Glogower was not in attendance. Was Glogower's presence required for him to recover on his claim against Crawford? We answer no and reverse.

Glogower and his co-plaintiff, William Gipe, Jr., were business partners in Dandy Press, Inc. They voted Crawford president of Dandy Press, Inc. and hired him to run the business. The partners brought this action in Jefferson Circuit Court to recover payments each made personally on behalf of the corporation.

When the case was called for trial, the judge asked if the parties were ready to proceed and everyone in the courtroom announced ready. Crawford's counsel moved the court to dismiss Glogower's claim because he was not present for the trial. Following the presentation of evidence, the court sustained Crawford's motion:

> In any event, Mr. Glogower did not appear.... I cannot, based upon the evidence, make a determination concerning the amount he should or should not receive without his presence. I'm going to sustain [the motion to dismiss Glogower's claim].

Pursuant to the judge's direction, plaintiffs' counsel prepared and tendered a judgment for the judge's signature. Before signing the judgment, the judge adjusted the language of the paragraph concerning his dismissal of Glogower's claim by striking language relating to the evidence entered on Glogower's behalf:

> At the end of all the evidence, the·Defendant moved for a Directed Verdict as to Plaintiff's, Louis Glogower, claim based on the fact that Mr. Glogower was not in attendance. ~~While all of Mr. Glogower's interests were introduced as evidence, t~~ This Court granted the Defendant's motion.

At a hearing on Glogower's motion for reconsideration of the directed verdict dismissing his claim, the court addressed the contention that Glogower's personal presence at the trial was unnecessary. Notwithstanding Glogower's argument that sufficient evidence to establish his claim was introduced by his counsel through the testifying witnesses, the court denied the motion and stated:

> ... in this case, because of the defense and the issues that were raised in the pleadings ... in the absence of the plaintiff being present, it would not be just for the court to enter and award a judgment on behalf of [Glogower].

Glogower appealed from the order denying the motion for reconsideration. The Court of Appeals affirmed.

■ The trial court committed error by granting Crawford a directed verdict as to Glogower's claim and by denying Glogower's motion to reconsider the directed verdict. No Kentucky rule, statute, or opinion mandates the physical presence of a plaintiff at trial. Civil Rule 43.01(1) does indicate, "The party holding the affirmative of an issue must produce the evidence to prove it." Glogower was a plaintiff in the action and was responsible for proving his claims. However, despite the active wording of CR 43.01, no Kentucky Court has ever held that this provision required a plaintiff to testify on his own behalf. A plaintiff may introduce evidence by examination of witnesses other than himself, and there is no rule which requires him to take the stand in furtherance of his claim.

■ Crawford argues the trial court's ruling was correct, in part, because Glogower's failure to appear at trial prevented him from pursuing the affirmative defenses of estoppel and waiver which he asserted in his answer to the plaintiffs' complaint. The answer to this argument can be found in a single word—subpoena. Civil Rule 43.01 applies equally to Crawford's affirmative defenses, and he had the burden of proof with respect to the affirmative defenses asserted by him. Crawford could have subpoenaed Glogower to secure his appearance at trial if he were concerned that his own testimony would be insufficient. CR 45, *passim*. This he failed to do. We would note, additionally, that Crawford offered no evidence during his testimony of facts which would support the affirmative defenses he asserted.

■ The parties focus a great deal of attention on whether the judge directed a verdict to sanction Glogower for his failure to appear or whether the judge determined that the evidence submitted by Glowgower's counsel in his absence was insufficient to carry his burden of proof. In Kentucky, a court speaks through the language of its orders and judgments. CR 54.01; *See Commonwealth v. Taber*, Ky., 941 S.W.2d 463, 464 (1997); *Common-*

*wealth v. Hicks,* Ky., 869 S.W.2d 35 (1994). Here, the language of the judgment, especially viewed in light of the language deleted, establishes that the trial court dismissed Glogower's claim because of his failure to appear. Further, the position taken by the trial court in denying Glogower's motion to reconsider was unequivocal that the ruling was prompted by Glogower's failure to appear, and not questions of evidentiary insufficiency.

Glogower was not required to testify in his own behalf. He had not been subpoenaed by Crawford and Glogower's counsel was prepared to produce evidence with respect to his claim. Accordingly, Glogower's presence at the trial was not required and the trial court erred in directing a verdict of dismissal as to Glogower's claims. For the reasons outlined above, we reverse the Court of Appeals and remand the case to the trial court for a decision on the merits of the case on the evidence presented at trial.

All concur.