Sandra C. BROOKS, Appellant,

v.

LEXINGTON–FAYETTE URBAN COUNTY HOUSING AUTHORITY, Appellee.

No. 2006–CA–000526–MR.

Court of Appeals of Kentucky.

Nov. 9, 2007.

Rehearing Denied Jan. 9, 2008.

William C. Jacobs, Sandra C. Brooks, Lexington, KY, for Appellants.

Wendy Bryant Becker, Lexington, Phillip C. Eschels, Brent R. Baughman, Louisville, KY, for Appellee.

Before ACREE, DIXON, and KELLER, Judges.

## OPINION

ACREE, Judge.

This case reaches the court, for the second time, with a 15–year–long history of litigation. The issue presented is whether the trial court erred, upon remand from the Kentucky Supreme Court and without the Court's instruction, in revoking an award of post-judgment interest on the basis of sovereign immunity.

In 1992, Brooks initiated a suit against her former employer, Lexington–Fayette Urban County Housing Authority (Housing Authority) for race discrimination and retaliation in contravention of the Kentucky Civil Rights Act (KCRA). On October 17, 1997, the Fayette Circuit Court entered a judgment in conformity with the jury's verdict. The jury found for the Housing Authority on Brooks' claim of

race discrimination, but awarded her $40,000 in damages on her claim of retaliation. In addition to the jury award, the trial court allowed post-judgment interest at 12% as set forth in Kentucky Revised Statute (KRS) 360.040. The trial court also awarded Brooks her costs and attorney fees "in such amount as the Court shall determine upon application by Plaintiff."

Both parties engaged in vigorous post-verdict and post-judgment practice, thus delaying finality of the judgment. Among the post-verdict activity is the Housing Authority's objection to Brooks' Motion for Entry of Judgment which included the allowance of post-judgment interest. The Housing Authority cited *Powell v. Board of Education of Harrodsburg*, 829 S.W.2d 940 (1992) for the proposition that an award of interest pursuant to KRS 360.040 is not applicable to judgments against state agencies. The judgment the trial court entered on October 17, 1997, included the allowance of interest over the Housing Authority's objection.

The parties' post-judgment motion practice included a motion for judgment notwithstanding the verdict pursuant to Civil Procedure Rule (CR) 50.02, filed by the Housing Authority, and a CR 59.01 motion filed by Brooks.

Having considered the parties' motions and responses, the Fayette Circuit Court entered a Final Judgment (Judgment) on June 7, 1999. The Judgment included the following language: "[T]he Trial Verdict and Final Judgment was heretofore entered herein on October 17, 1997, the same being herein incorporated by reference[.]" Such incorporation by reference would have included the allowance of post-judgment interest specifically addressed in that judgment and challenged in post-judgment motion practice. Finally, the Judgment

included an award of attorney fees in favor of Brooks in the amount of $52,474.50.

Both parties appealed the Judgment, but the Housing Authority did not identify the award of post-judgment interest as an issue on appeal. After this Court rendered its opinion, the Supreme Court granted discretionary review in order to address several issues not relevant to this appeal. The Supreme Court affirmed the circuit court's original findings and remanded the case to the "Fayette Circuit Court to reinstate the judgments in Brooks' favor." *Brooks v. Lexington–Fayette Urban County Housing Authority*, 132 S.W.3d 790, 809 (Ky.2004).

Upon remand of the case, the Housing Authority relied on a Supreme Court case decided the same day as *Brooks*. That case is *Ky. Dept. of Corrections v. McCullough*, 123 S.W.3d 130 (2003) in which the Supreme Court, relying on *Powell, supra*, held that a state agency is not liable for post-judgment interest on a judgment obtained under the KCRA. The Housing Authority moved the circuit court to eliminate post-judgment interest from the 1997 Judgment and not to impose it on the 1999 Judgment, or in the alternative, to lower the interest rate. The circuit court sustained the motion. This second appeal followed.

The issue to be resolved on this appeal is whether the circuit court erred upon remand of this case by denying Brooks any post-judgment interest on either the 1997 or the 1999 Judgments. We hold that when the trial court rescinded that portion of its original Judgment allowing interest, it did so contrary to the law of the case doctrine applicable to this case. Consequently, we reverse the circuit court's judgment that reinstates the June 7, 1999, judgment without the allowance of post-judgment interest.

We begin by noting that the parties mistakenly refer to both the October 17, 1997 judgment and the June 7, 1999 judgment as "final judgments." However, "[t]here normally should be only one final judgment in a case, and it should be complete in itself." *Midland Guardian Acceptance Corp. of Cincinnati, Ohio v. Britt,* 439 S.W.2d 313, 315 (Ky.1968). And so it is in the case before us.

■ Our Supreme Court has plainly stated that "a judgment is not final so long as post judgment motions are available and time for making such a motion remains[.]" *Kurtsinger v. Bd. Of Trustees of Kentucky Retirement Systems,* 90 S.W.3d 454, 458 (Ky.2002). Moreover, the Supreme "Court has made clear that a ruling on a post-judgment motion is necessary to achieve finality[.]" *Gullion v. Gullion,* 163 S.W.3d 888, 891 (Ky.2005). Both parties in this case filed post-judgment motions; the Housing Authority pursuant to CR 50.02 and Brooks pursuant to CR 59.01. The effect was that each "motion converts a final judgment to an interlocutory judgment." *Embry v. Turner,* 185 S.W.3d 209, 212 (Ky.App.2006). When the trial court entered the only Final Judgment on June 7, 1999, it was dispositive of all the issues raised in the parties' post-judgment motions and "readjudicate[d] all prior interlocutory orders and judgments determining claims which [we]re not specifically disposed of in the latter judgment." *Personnel Bd. v. Heck,* 725 S.W.2d 13, 18 (Ky.App.1986). We therefore, like the Supreme Court in *Brooks,* treat the June 7, 1999 judgment as the only Final Judgment.

We look to the language of that one Final Judgment to determine its meaning. *Glogower v. Crawford,* 2 S.W.3d 784, 785 (Ky.1999)("In Kentucky, a court speaks through the language of its orders and judgments."). Unmistakably, the trial court incorporated the language of the October 17, 1997 judgment (which remained interlocutory because of the parties' post-judgment motion practice) allowing post-judgment interest.

The Housing Authority candidly admits that when the case was first appealed to this Court, and subsequently to the Supreme Court, it "did not raise as an issue on appeal the trial court's award of post-judgment interest on the 1997 judgment[.]" The Housing Authority's mistake was in believing the 1999 judgment did not address post-judgment interest. As noted, *supra,* the subsequent judgment re-adjudicated all the issues in the former judgment not specifically addressed in the Final Judgment. *Personnel Bd. v. Heck, supra.* In order for the Housing Authority's position to be tenable at this stage, the Final Judgment would had to have specifically excluded the allowance of interest. Instead, the court incorporated all portions of the October 17, 1997 judgment including the award of interest.

■ The Housing Authority could have argued in the first appeal that as a state agency, Brooks could not recover post-judgment interest. Our Supreme Court said that "where a contention was not made, if it could or should have been made on appeal, the doctrine of *res judicata* prevented re-litigation of the same contention in a subsequent appeal." *Lebow v. Cameron,* 394 S.W.2d 773, 778 (Ky.1965) (Citation omitted). This is essentially an expression of the law of the case doctrine.

■ Brooks argues that the law of the case doctrine forecloses the Housing Authority from contesting the post-judgment interest award after failing to raise this issue during its first appeal. In response, the Housing Authority objects to applying the law of the case to this appeal for two reasons. First, it contends that because

*McCullough* changed the law in 2004 as to a state agency's immunity from judgment interest when the agency is found to have violated the KCRA, the interest issue was not ripe before that time. Second, the Housing Authority argues that should this court find the doctrine applicable, this appeal falls within the ambit of an exception to the law of the case doctrine. We will first examine the applicability of the law of the case doctrine in the appeal before us and then address the Housing Authority's arguments in turn.

▮ The law of the case doctrine is "an iron rule, universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal however erroneous the opinion or decision may have been." *Union Light, Heat & Power Co. v. Blackwell's Adm'r*, 291 S.W.2d 539, 542 (Ky.1956). The doctrine is predicated upon the principle of finality.

> The law of the case rule is a salutary rule, grounded on convenience, experience and reason. It has been often said that it would be intolerable if matters once litigated and determined finally could be relitigated between the same parties, for otherwise litigation would be interminable and a judgment supposed to finally settle the rights of the parties would be only a starting point for new litigation.

*Id.* The law of the case doctrine is similar to but distinct from the doctrine of *res judicata*. "There is a difference between such adherence (the law of the case doctrine) and *res adjudicata*. One directs discretion; the other supersedes it and compels judgment. In other words, in one it is a question of power, in the other of submission." *Southern Ry. Co. v. Clift*, 260 U.S. 316, 43 S.Ct. 126, 67 L.Ed. 283, 284 (1922).

*Sowders v. Coleman*, 223 Ky. 633, 4 S.W.2d 731 (1928), enunciates that the doctrine considers as settled "all errors lurking in the record on the first appeal which might have been, but were not expressly, relied upon as error." In view of Sowers, and regardless whether the question was litigated in the first instance, it is evident that the law of the case doctrine is applicable to the present case and the explicit decision to award interest, whether correct or erroneous, was finally made on that matter in the first appeal. When the Supreme Court remanded the case to the circuit court silent about the post-judgment interest award contained in the 1997 interlocutory judgment, the Court established as the law of the case that the Housing Authority is liable for such interest. Therefore, the Housing Authority's motion to set aside the interest in the court below was nothing more than an attempt to relitigate an issue previously decided. As the Court declared, "[o]ne cannot accept the benefits of an opinion which is favorable and later relitigate that portion which is not." *Williamson v. Commonwealth*, 767 S.W.2d 323, 326 (Ky. 1989); *see also, Blackwell's Adm'r* at 542. The Housing Authority should have taken procedural steps to ensure deletion of the interest at issue, which otherwise it was obliged to pay, at the time the appellate decisions were rendered. "Upon failure to take such procedural steps, a party will thereafter be bound by the entire opinion." *Id.*

The Housing Authority's position that *McCullough* represented a change in the law, and therefore its prior raising of the issue would not have been ripe, is untenable. Although it is true that there are cases where the change of controlling law rendered the doctrine inapplicable, *see Estep v. Commonwealth*, 64 S.W.3d 805, 812 (Ky.2002); *Sherley v. Commonwealth*, 889 S.W.2d 794, 798 (Ky.1994), this line of

cases has no bearing in the case at hand since in *McCullough* no law was changed. The *McCullough* decision merely applied to the KCRA the well-settled principle of statutory interpretation that "a statute waiving immunity must be strictly construed and cannot be read to encompass the allowance of interest unless so specified." *Powell v. Board of Education of Harrodsburg*, 829 S.W.2d 940, 941 (Ky. 1992). Accordingly, finding that the KCRA does not specifically make a provision authorizing the payment of interest while waiving state immunity, the *McCullough* Court concluded that a state agency is immune from any judgment interest entered upon the KCRA. *McCullough*, 123 S.W.3d at 140. Thus, there occurred no change of law during the first appeal. Both the KCRA itself and the principle of statutory construction remained consistent throughout the pertinent period. If the Housing Authority had raised the issue, as it should have, we would be citing to the final decision in this case in place of *McCullough*.

◼ The Housing Authority's second argument is that an exception to the doctrine must control the instant case.

Conditions triggering an exception to the doctrine are laid out in *Blackwell's Adm'r, supra*, in which an electric power company was sued for negligence regarding an electrocution accident involving one of the company's high tension wires. To summarize *Blackwell's Adm'r*, the issue was whether there was sufficient evidence to take the case to the jury. The Court answered in the affirmative in the first appeal and in the negative in the second. The plaintiff contested the second decision and invoked the law of the case doctrine, but the Court concluded that an exception to the doctrine was controlling.

Blackwell's Adm'r noted that "a number of courts have maintained and held that the rule is not inflexible but is subject to exception, although the exception must be rare and the former decision must appear to be clearly and palpably erroneous," *Blackwell's Adm'r* at 542. The Court then identified conditions commonly held to prompt an exception to the doctrine. In particular, it quoted a Missouri decision which stated:

> [w]hether from grace or right when cogent and convincing reasons appear, such as lack of harmony with other decisions and where no injustice or hardship would flow from a change, or where by inadvertence principles of law have been incorrectly declared the first time, or mistake of fact has been made, or injustice to the rights of parties would be done by adhering to the first opinion, then the exceptions to the rule have play, and it is our duty to re-examine and correct our own errors on the second appeal in the same case.

*Id., quoting Mangold v. Bacon*, 237 Mo. 496, 141 S.W. 650, 654 (1911). After examining the practices of several states and the federal government regarding an exception to the doctrine, the Court concluded:

> [a]ll of these cases reflect an accelerating trend to make an exception to the general rule where it clearly appears that the result of the error to be cured far outweighs any harm that may be done in the particular case, especially where no rights have accrued or become vested and no substantial change has been made in the status of the parties by reason of the former decision.

*Id.* at 543.

The Housing Authority argues that the conditions for an exception summarized in *Blackwell's Adm'r* are present in this case. According to the Housing Authority, lack of harmony with other decisions exists be-

cause applying the doctrine to the present case leads to the allowance of interest on a KCRA-based judgment, which squarely contradicts *McCullough* and the principle of sovereign immunity. Further the Housing Authority argues, no rights have accrued or become vested in the appellants and no substantial change has been made in the status of the parties. As such, it would be unjust if the public fund of the Housing Authority was used to pay Brooks' post-judgment interest award.

While we are in want of practical precedent as to how to apply the abstract words in *Blackwell's Adm'r* granting an exception to the doctrine, it is clear that the mere existence of conflict between the law of a case and other decisions does not guarantee the application of an exception. "[A]n opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal *however erroneous the opinion or decision may have been*." *Id.* at 542 (Emphasis supplied). "A final decision of this Court, *whether right or wrong,* is the law of the case and is conclusive of the questions therein resolved." *Williamson,* at 325 (Emphasis added). Above all, in *Board of Trustees of U. of Ky. v. Hayse,* 782 S.W.2d 609 (Ky., 1989)[1], the Kentucky Supreme Court has opined that the law of the case doctrine should prevail over the law of state immunity when these two equally salient legal doctrines clash.

In *Hayse,* a former assistant professor of the University of Kentucky, instituted an action against the Board of the Trustees of the University and one of its deans alleging that the defendants wrongfully denied his tenure in violation of his constitutional rights. The trial court entered a summary judgment in favor of the defendants. On appeal, the Court of Appeals remanded the case to the trial court finding sufficient evidence to send the case to the jury and did not rule on the defendants' sovereign immunity defense. The defendants raised this defense in its second appeal. The Supreme Court responded that the remand in the first appeal "with no discussion of the sovereign immunity defense, which had been raised and, which, if appropriate, would call for dismissal, forecloses further litigation of these questions as a matter of law." *Id.* at 614 (citation omitted).

The crux of the Housing Authority's objection substantially corresponds to the argument made by Justice Anggelis' dissent in *Hayse.* That dissent expresses concern that a precedent will be established in which state immunity can be waived "by an application of 'the law of the case' or by failure to plead such affirmative defense or by the failure to properly preserve it for appellate review to this Court." *Id.* at 617 (J. Anggelis, dissenting). Despite obvious awareness of this argument, the *Hayse* majority chose to find that the law of the case doctrine overrides the principle of state immunity. We are compelled to follow that precedent.

In addition, the present case will not create a bad precedent. No appellate decision affirmatively held in the first appeal that interest may be imposed on KCRA-based judgments. It is the consequence of valid judgments coupled with operation of a valid legal doctrine—the law of the case doctrine—that binds the Housing Authority to pay the interest at issue. In contrast, the court in *Blackwell's Adm'r,* which recognized an exception, had made an erroneous holding in the first appeal

---

1. *Hayse* was overruled on grounds other than the law of the case doctrine by *Yanero v.*    *Davis,* 65 S.W.3d 510 (Ky.2001).

which would have become a precedent with full force. No such risk is present here.

For the foregoing reasons, the judgment of the Fayette Circuit Court is REVERSED and REMANDED for disposition in accordance with this opinion.

ALL CONCUR.