RENDERED: MAY 27, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0542-MR

PUBLIC SERVICE COMMISSION OF
KENTUCKY, AN INDEPENDENT
AGENCY OF THE
COMMONWEALTH                                                                    APPELLANT


                        APPEAL FROM FRANKLIN CIRCUIT COURT
v.                      HONORABLE PHILLIP J. SHEPHERD, JUDGE
                        ACTION NOS. 18-CI-01115, 18-CI-01117, AND 18-CI-01129


METROPOLITAN HOUSING
COALITION; ASSOCIATION OF
COMMUNITY MINISTRIES;
CHARTER COMMUNICATIONS
OPERATIONS, LLC; COMMUNITY
ACTION COUNCIL FOR
LEXINGTON-FAYETTE, BOURBON,
HARRISON, AND NICHOLAS
COUNTIES; KENTUCKY
INDUSTRIAL UTILITY
CUSTOMERS; KENTUCKY
UTILITIES COMPANY; LEXINGTON-
FAYETTE URBAN COUNTY
GOVERNMENT; LOUISVILLE GAS
AND ELECTRIC COMPANY;
LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT; SIERRA
CLUB AND ITS INDIVIDUAL
MEMBERS; THE ATTORNEY

GENERAL OF KENTUCKY; THE
KENTUCKY SCHOOL BOARDS
ASSOCIATION; THE KROGER
COMPANY; THE UNITED STATES
DEPARTMENT OF DEFENSE; AND
WALMART, INC.                                                                    APPELLEES


OPINION
REVERSING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  This consolidated case arises from two administrative utility

rate adjustment applications pending before the Public Service Commission (PSC).

Appellees include several entities representing the interests of individuals and

communities impacted by the potential rate adjustments as well as other entities

with interests in the underlying action.  The present issue concerns Appellees'

petitions to intervene in the underlying administrative cases denied by the PSC and

then reversed by the Franklin Circuit Court which, in an order entered on March 5,

2019, granted Appellees' request for declaratory and injunctive relief.  PSC now

appeals to this Court as a matter of right arguing that there is no right of an appeal

from a denial of intervention of a non-utility before the PSC and, assuming

*arguendo*, that there is a right to appeal of a denial of intervention, there is no

interlocutory appeal of a denial of permissive intervention. For the following reasons, we reverse the circuit court's order.

## STANDARD OF REVIEW

The standard of review on appeal from a declaratory judgment is whether the judgment was clearly erroneous. *American Interinsurance Exchange v. Norton*, 631 S.W.2d 851, 852 (Ky. App. 1982). We review a circuit court's ruling on a request for injunctive relief for an abuse of discretion. *Reynolds Enterprises, Inc. v. Kentucky Bd. of Embalmers & Funeral Directors*, 382 S.W.3d 47, 49-50 (Ky. App. 2012) (citing *Price v. Paintsville Tourism Comm'n*, 261 S.W.3d 482, 484 (Ky. 2008)). We also review the PSC's denial of a motion to intervene for an abuse of discretion. *Inter-County Rural Elec. Co-op. Corp. v. Public Service Commission*, 407 S.W.2d 127, 130 (Ky. 1966).

## ANALYSIS

The present case has an extensive appellate record that is necessary to cite at length in order to appropriately convey the factual and procedural foundation previously memorialized by our Supreme Court:

> In the underlying case, Louisville Gas & Electric Company (LG&E) and Kentucky Utilities Company (KU) had each filed an application with the Kentucky Public Service Commission to raise their base rates. These applications triggered administrative proceedings before the Commission pursuant to Kentucky Revised Statutes (KRS) Chapter 278. Since LG&E and KU are under common ownership, the cases were heard together.

-3-

[Appellees] (real parties in interest below, Metropolitan Housing Coalition; Association of Community Ministries; Community Action Council for Lexington-Fayette, Bourbon, Harrison, and Nicholas Counties, Inc.; and Sierra Club and its members, Alice Howell, Carl Vogel, Amy Waters, and Joe Dutkiewicz) sought to intervene in the hearings before the Commission. Though the Commission allowed several other entities to intervene, it denied [Appellees'] request. [Appellees] sought review of the Commission's order denying intervention in Franklin Circuit Court.

On November 21, 2018, the Franklin Circuit Court issued a temporary injunction enjoining the Commission from preventing Appellants' full participation in the rate cases as intervening parties. On December 17, 2018, the Commission filed a petition for a writ of prohibition with the Court of Appeals, seeking the appellate court to prohibit the Franklin Circuit Court from acting in the case. The Commission did not ask the Court of Appeals to issue an order staying the Franklin Circuit Court proceedings. While the writ was pending before the Court of Appeals, both the underlying rate cases before the Commission and the circuit court case proceeded. On March 5, 2019, two significant events occurred: (1) the Commission convened the first day of a two-day hearing in the rate cases, with [Appellees] fully participating as intervening parties; and (2) the Franklin Circuit Court entered its final opinion and order in the case before it – issuing a permanent injunction enjoining the Commission from preventing Appellants' intervention in the rate cases. The very next day, March 6, 2019, the Court of Appeals issued an opinion and order granting the Commission's writ petition to prohibit the Franklin Circuit Court from taking further

-4-

action in the case.[1]  After finding out about the Court of Appeals' order, the Commission immediately dismissed [Appellees] as intervening parties and they were not allowed to present or cross-examine witnesses on the second day of hearings on the rate cases.

> Because the Court of Appeals issued its order a day after the Franklin Circuit Court issued its order fully disposing of the case and remanding to the Commission, [Appellees] filed a joint motion asking the Court of Appeals to reconsider its order.  The Court of Appeals denied that motion and this appeal followed.

*Metro. Hous. Coal. v. Shepherd*, Nos. 2019-SC-000195-MR and 2019-SC-000196-MR, 2020 WL 2831838, at *1 (Ky. May 28, 2020) (*Shepherd II*).  The Kentucky Supreme Court ultimately reversed the Court of Appeals' order granting a writ of prohibition on the basis that the issue was moot.  The Court specifically reasoned as follows:

> The Franklin Circuit Court's final opinion and order had disposed of all issues regarding all parties and granted a permanent injunction.  That final order has been appealed to the Court of Appeals, where it is currently held in abeyance pending the outcome of the present cases.  The order was effective upon entry and was appealable at that time.  Since the Franklin Circuit Court's order was appealable at that time, "there [was a] remedy through an application to an intermediate court."  Therefore, the Commission cannot meet the second hurdle for a first-class writ:  that "there [was] no remedy through an application to an intermediate court."

---

[1]  That Court of Appeals decision is officially cited as *Pub. Serv. Comm'n of Kentucky v. Shepherd*, No. 2018-CA-001859-OA, 2019 WL 1087266, at *1-11 (Ky. App. Mar. 6, 2019).  It will hereafter be referred to as *Shepherd I.*

*Id.* at \*3 (citation omitted). The present appeal is now ripe for a decision on the merits. First, Appellees, Kentucky Utilities Company and Louisville Gas and Electric Company, argue that because the substantive issues presented have already been decided by the Court of Appeals in the original action *Shepherd I*, we are bound to that decision based on the law of the case doctrine. *See Brooks v. Lexington-Fayette Urban Cty. Hous. Auth.*, 244 S.W.3d 747, 751 (Ky. App. 2007). Therein, the Court observed that the law of the case doctrine is "an iron rule, universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal however erroneous the opinion or decision may have been." *Id.* (quoting *Union Light, Heat & Power Co. v. Blackwell's Adm'r*, 291 S.W.2d 539, 542 (Ky. 1956)). Critically, however, the law of the case doctrine is "predicated upon the principle of finality." *Id.* at 751. We conclude that the law of the case doctrine does not apply here. *See Shepherd II*, 2020 WL 2831838, at \*4 (emphasis in original) ("Since the matter was moot *and* the Court of Appeals erred in its application of our writ standard, we will not delve into the important substantive issues this case presents."). We further conclude that the principle of *stare decisis* does not bind this Court to our decision in *Shepherd I*, which was an original action subsequently reversed by our Supreme Court. Therefore, it lacks the precedential value necessary to invoke *stare decisis*.

We now turn to the primary statute at issue here – KRS 278.410.  It provides in relevant part as follows:

> Any party to a commission proceeding or any utility affected by an order of the commission may, within thirty (30) days after service of the order, or within twenty (20) days after its application for rehearing has been denied by failure of the commission to act, or within twenty (20) days after service of the final order on rehearing, when a rehearing has been granted, bring an action against the commission in the Franklin Circuit Court to vacate or set aside the order or determination on the ground that it is unlawful or unreasonable.

KRS 278.410(1).  Recently, a panel of this Court issued a published opinion that addressed this provision in a case very similar to the present.  *See Biddle v. Public Service Commission of Kentucky*, 643 S.W.3d 83 (Ky. App. 2021).[2]  Therein, the Court held that the prospective intervenor was a "party" with a right to seek judicial review of the PSC's denial of intervention and that remand was necessary for the PSC to consider whether adjoining landowners had a special interest in the action.  *Id*.  In so holding, the Court opined:

> in *Inter-County Rural Electric Cooperative Corporation*, the Court considered the import of the, then current, 1952 version of KRS 278.410(1).  This version was substantively the same as the current version of this statute and contained the same "[a]ny party" language.  The Court believed KRS 278.410(1) provided a sufficient basis for allowing judicial review of the denial of the

---

[2]  The Court denied a petition for rehearing in *Biddle* on November 22, 2021.  A motion for discretionary review was filed in the Kentucky Supreme Court on December 22, 2021, and was denied on April 20, 2022.

motion to intervene "on the ground that [the Commission's action] is unlawful or unreasonable." *Inter-County Rural Elec. Coop. Corp.*, 407 S.W.2d at 129.

*Id.* at 89. The Court also provided the following notation that is particularly useful in resolving the present issues:

> A trio of unpublished Court of Appeals cases also support our conclusion that Biddle and Potts have an undeniable right to judicial review of the denial of their motions to intervene. In *Karem v. Kentucky Public Service Commission*, No. 2017-CA-001697-MR, 2019 WL 1579653, at *3 (Ky. App. Apr. 12, 2019), the Court unequivocally declared that the person seeking review of the denial of his motion to intervene in a Commission action regarding placement of a solar facility "had standing . . . to contest the [Commission's] denial of his motion to intervene." In *Young v. Public Service Commission of Kentucky*, No. 2009-CA-000292-MR, 2010 WL 4739964, at *2 (Ky. App. Nov. 24, 2010), while the Court held that the appeal of a denial of a motion for intervention before the final matter was concluded was interlocutory and, accordingly, the circuit court did not err in denying it, noting "any appeal of the denial must occur after final adjudication in the underlying case[,]" the Court did not question the right of the would-be intervenors to bring such an action challenging the denial of their motion to intervene after the underlying commission action was final. Similarly, while standing was not directly addressed in *EnviroPower, LLC v. Public Service Commission of Kentucky*, No. 2005-CA-001792-MR, 2007 WL 289328, at *3-5 (Ky. App. Feb. 2, 2007), the Court in reviewing the denial of a motion to intervene did not question the propriety of the action or the appeal of it.

-8-

*Id.* at n.6. In the same vein as these cases, it is clear that the provision permitting Appellees to intervene, 807 KAR[3] 5:001 Section 4(11), is permissive, not mandatory. *See also Inter-County Rural Elec. Co-op. Corp.*, 407 S.W.2d at 130 ("Intervention as a matter of right is not specifically defined in the [intervention] regulation" that was operative at that time.). It appears that the only mandatory right of intervention in PSC cases is that of the Attorney General. *See* KRS 367.150(8)(b). Therefore, we conclude that based on the foregoing, Appellees have a right to appeal the PSC's denial of their motion to intervene. However, the issue still remains whether an interlocutory appeal from that order is an available option. We conclude that it is not.

KRS 278.410 omits any mention of finality concerning appealable orders. As previously discussed, however, our recent *Biddle* decision noted two unpublished cases that are particularly persuasive here. In *Young*, the Court observed that:

> Clearly precedent supports the trial court's conclusion that the denial of Young's motion to intervene was interlocutory and that *any appeal of the denial must occur after final adjudication in the underlying case*. In *Inter-County Rural Elec. Co-op. Corp. v. Public Service Commission*, 407 S.W.2d 127, 130 (Ky. 1966), the Court held that 807 KAR 5:001 Section 3(8) "reposes in the Commission the responsibility for the exercise of a sound discretion in the matter of affording permission to

---

[3] Kentucky Administrative Regulations.

intervene. Intervention as a matter of right is not specifically defined in the regulation."

2010 WL 4739964, at *2 (emphasis added). This echoed the sentiment found in

*EnviroPower, LLC*:

> EnviroPower then filed on April 19, 2005, an action in the Franklin Circuit Court requesting injunctive and declaratory relief. The Court held a brief hearing that same day and issued a restraining order which among other things, prohibited the PSC from holding its scheduled hearing. Subsequently, the Court issued its May 6, 2005, Order, which among other things, dissolved the restraining order, rejected all of EnviroPower's challenges to the PSC's denial of intervention, and denied a temporary injunction to prohibit a PSC hearing in the CON Case. EnviroPower requested interlocutory relief in the Court of Appeals, which was denied by Order entered May 31, 2005, and then interlocutory relief in the Kentucky Supreme Court, which was denied by Order entered June 7, 2005.

2007 WL 289328, at *2. Although these decisions are unpublished, we consider them to be highly instructive as they have been cited by this Court in *Biddle* and throughout the underlying litigation in the present case. Moreover, there appears to be no binding authority to the contrary. Having considered the relevant record and the law, we find the reasoning advanced by the Franklin Circuit Court in its March 5, 2019, order to be contrary to this Court's most recent decisions, or otherwise unconvincing as a matter of law. Therefore, we need not address these issues further.

-10-

## CONCLUSION

For the foregoing reasons, we hereby reverse the Franklin Circuit Court's order entered on March 5, 2019.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John E.B. Pinney
Nancy J. Vinsel
Frankfort, Kentucky

BRIEFS FOR APPELLEE
ASSOCIATION OF COMMUNITY
MINISTRIES:

Lisa Kilkelly
Eileen Ordover
Louisville, Kentucky

BRIEF FOR APPELLEE SIERRA
CLUB AND ITS INDIVIDUAL
MEMBERS:

Joe F. Childers
Lexington, Kentucky

BRIEFS FOR APPELLEES
METROPOLITAN HOUSING
COALITION AND COMMUNITY
ACTION COUNCIL FOR
LEXINGTON-FAYETTE,
BOURBON, HARRISON, AND
NICHOLAS COUNTIES:

Tom FitzGerald
Iris Skidmore
Frankfort, Kentucky

BRIEF FOR APPELLEES KENTUCKY
UTILITIES COMPANY AND
LOUISVILLE GAS AND ELECTRIC
COMPANY:

Kendrick R. Riggs
Steven B. Loy
Monica H. Braun
Mary Ellen Wimberly
Lexington, Kentucky