RENDERED: JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0296-MR

COMMONWEALTH OF KENTUCKY                                        APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JULIE M. GOODMAN, JUDGE
ACTION NO. 13-CR-01190

AHMAD RASHAD DAVIS                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, LAMBERT, AND K. THOMPSON,[1] JUDGES.

THOMPSON, K., JUDGE: The Commonwealth of Kentucky appeals from the

Fayette Circuit Court's decision to expunge Ahmad Rashad Davis's theft by

deception charge. As the circuit court appropriately found the judgment contains

---

[1] Judge Kelly Thompson authored this Opinion before his tenure with the Kentucky Court of
Appeals expired on December 31, 2022, and prior to the adoption of the Kentucky Rules of
Appellate Procedure on January 3, 2023. Therefore, all citations herein are to the former Civil
Rules. Release of this Opinion was delayed by administrative handling.

no conditions linking the dismissal of this charge to Davis pleading guilty to Medicaid fraud, expungement was required, and we affirm.

In 2013, Davis was indicted for Medicaid fraud (Count 1) and theft by deception (Count 2) for knowingly submitting incorrect timesheets for his work providing services to a Medicaid recipient, for which Davis was compensated with public funds.

In 2014, the Commonwealth offered a plea agreement in which the theft by deception charge would be dismissed while Davis would plead guilty to the Medicaid fraud charge, receive a one-year sentence with a recommendation that this be probated, and make restitution. Davis accepted and the petition to enter a guilty plea, and the oral representation at the plea hearing, consistently indicated that Davis was pleading guilty to Count 1 and that Count 2 would be dismissed.

The final judgment provides that "[t]he defendant having entered a plea of guilty on the 30th day of May 2014, and the court having adjudged the defendant guilty of the crime; Count 1, Present Fraudulent Claims to Defraud KMAP > $300, and the *Dismissal* of Count 2." Davis was sentenced to one year of imprisonment under Count 1, probated for three years and Count 2 was dismissed.

Several years later, in 2021, Davis filed a form petition for expungement of the dismissed theft charge. Kentucky Revised Statutes (KRS)

431.076(1)(b) generally provides that upon request, dismissed charges which were not dismissed in exchange for a guilty plea to other charges shall be expunged.

Davis checked a box denoting that the theft charge was not dismissed in exchange for a guilty plea to another offense. The Commonwealth disagreed with Davis's assertion and filed a response opposing Davis's expungement petition, arguing that the theft charge could not be expunged because it had been dismissed in exchange for Davis pleading guilty to Medicaid fraud. The circuit court granted the expungement.[2]

The Commonwealth filed a motion to alter, amend, or vacate, again arguing that the theft charge was statutorily ineligible for expungement. The circuit court held a short videoconference hearing on the motion, at which it opined that the written judgment did not explicitly state that the theft charge had been dismissed in return for a guilty plea to the Medicaid fraud charge. Believing itself to be bound solely by the plain language of the judgment (and stressing that the Commonwealth had not ever sought to amend that judgment), the circuit court thus

---

[2] We note that in filling out the form expungement order, the circuit court failed to check the box to indicate that the expunged charges had not been dismissed in exchange for a guilty plea to other charges or any boxes to indicate the legal basis for the expungement. Better practice, of course, would be for the court to check all applicable boxes and to handwrite any additional comments or findings on all future expungement orders. However, the subsequent order on the Commonwealth's motion to alter, amend, or vacate, clarified that the circuit court found that the expunged charge had not been dismissed in exchange for a guilty plea on other charges, thus satisfying its fact-finding responsibilities.

denied the Commonwealth's motion. The Commonwealth then filed this appeal. Davis failed to file a responsive brief.[3]

The Commonwealth argues that the plain language of KRS 431.076(1)(b) resolves this matter and the circuit court's findings otherwise are directly contradicted by the record. Answering whether the theft charge was eligible for expungement requires us to analyze KRS 431.076, and since "statutory interpretation is a question of law, our review is de novo; and the conclusions reached by the lower court[] are entitled to no deference." *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011). We "interpret statutes in accordance with their plain meanings, generally construing non-technical words according to their common meanings." *Id.* (footnotes and citations omitted).

KRS 431.076 provides in relevant part:

(1) (a) . . .

> (b) A person who has been charged with a criminal offense . . . against whom charges have been dismissed and not in exchange for a guilty plea to another charge . . . may petition the court in which the disposition of the charges was made to expunge all charges.

---

[3] Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) provides that when no appellee brief is filed, we may "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." "We have discretion to decide the way to respond to [Davis's] failure to file a brief." *Hawkins v. Jones*, 555 S.W.3d 459, 461 (Ky.App. 2018). Given the straightforward nature of this appeal, we elect to not penalize Davis.

. . .

> (3) (a) If the court finds that the petition under subsection (1)(b) of this section is properly brought, the court shall grant the petition and order the expunging of the records.

KRS 431.076(3)(a) states that upon a showing that a petition meets the statutory requirements for an expungement under (1)(b), the records "shall" be expunged. This does not grant circuit courts any discretion to deny a petitioner who meets the criteria in KRS 431.076(1)(b) from receiving an expungement.

We agree with the circuit court that "[t]he Judgment is the Record in the case," and that it was appropriate for the circuit court to decline to "look to extraneous matters to interpret a document that is clear on its face." Whatever discussions or agreements were memorialized between the parties, "a court speaks through the language of its orders and judgments." *Glogower v. Crawford*, 2 S.W.3d 784, 785 (Ky. 1999). It is the judgment that is the final word as to what has taken place in Davis's case.

While the Commonwealth repeatedly states that the theft by deception charge was dismissed as part of a plea agreement in exchange for Davis pleading guilty to Medicaid fraud, essentially arguing that this condition was obvious, the judgment contains no conditions for such dismissal. Instead, this is just one possible interpretation that is not clearly stated in the judgment. Furthermore, none

-5-

of the documents in the record explicitly condition the dismissal of the theft charge to the guilty plea on the Medicaid fraud charge.

The circuit court's factual finding as to the nature of the plea agreement reflected in the judgment, that the dismissal of the theft charge was not conditioned on the guilty plea on the Medicaid fraud charge, is supported by substantial evidence and is not clearly erroneous. This constitutes a valid interpretation of the circuit court's judgment within its discretion.[4]

To look outside the judgment and infer, assume, or guess that the Commonwealth's agreement meant more or less than what the judgment reflects most certainly runs afoul of both the letter and spirit of our expungement statutes. In this analysis, we are further persuaded by fact that the evolution of our expungement laws evince the legislature's intent to both favor and broaden the availability of expungements to the citizenry with regard to non-violent crimes.

We also agree with the circuit court that if the Commonwealth disagreed with the representation of why the charge was dismissed as recited in the judgment, it should have filed a Kentucky Rules of Civil Procedure (CR) 59.05 motion within a reasonable time after the judgment was entered, seeking to correct

---

[4] We do note, however, that the circuit court judge who sentenced Davis was subsequently elected to this Court. Thus, the judge who granted the expungement was not the sentencing judge.

it, rather than waiting until Davis filed his motion for expungement, nearly eight years after the judgment was entered.

Therefore, Davis's petition met the statutory requirements for expungement under KRS 431.076(1)(b) and there was, and remains, no lawful basis in the record for its denial. The circuit court acted appropriately in carrying out its duty and expunging the theft charge.

Accordingly, the Fayette Circuit Court's order of expungement is affirmed.

JONES, JUDGE, CONCURS.

LAMBERT, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.


BRIEF FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Matthew H. Kleinert
Assistant Attorney General
Frankfort, Kentucky

NO BRIEF FOR APPELLEE.