RENDERED: SEPTEMBER 12, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0088-MR

STEPHEN DOUGLAS KEEN                      APPELLANT


v.          
APPEAL FROM HENDERSON CIRCUIT COURT,
FAMILY COURT DIVISION
HONORABLE JOE W. HENDRICKS, JR., SPECIAL JUDGE
ACTION NO. 20-CI-00450


THERESA LORRAINE KEEN                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, L. JONES, AND KAREM, JUDGES.

JONES, L., JUDGE: Stephen Douglas Keen, *pro se*, brings this appeal from a December 22, 2023 Order of the Henderson Circuit Court, Family Court Division, (family court) denying his Kentucky Rules of Civil Procedure (CR) 60.02 motion. We affirm.

Stephen and Theresa Lorraine Keen were previously before this Court in Appeal No. 2022-CA-0590-MR. By an unpublished Opinion rendered

September 15, 2023, the relevant underlying facts were summarized by another

panel of this Court as follows:

> Stephen and Theresa were married in September 1991 and had two children.  In 1997, the couple started an auto body shop, Steve's Auto Body & Paint ("marital business").  This marital business was their main source of income through the majority of the marriage.  For 27 years, Stephen worked full-time at the marital business.  The record was unclear as to the extent of Theresa's involvement in the marital business, but her contributions at the shop were significantly less than Stephen's, and at the time of dissolution, Theresa was employed by the Webster County Board of Education.
>
> On March 7, 2022, the family court conducted a six-hour evidentiary hearing ("March Hearing") which was intended to be the "final" hearing in the matter.  Theresa was represented by legal counsel, and Stephen appeared pro se.  During that hearing, both parties submitted exhibits and presented evidence.  Theresa and Stephen were the only witnesses to testify.  The family court granted Stephen great leniency throughout the hearing, instructing him on the law, helping him phrase questions to avoid hearsay, listening to arguments beyond the scope of the current hearing, and many other allowances.  The family court stated at the beginning of the hearing, "I need to know what the assets are, what the debts are, evidence to support how they are to be allocated, that's what I'm focused on."  However, Stephen struggled to stay within those justiciable issues throughout the proceeding.
>
> After hours of testimony, the family court verbally walked through the distribution determinations for Theresa's counsel to draft and tender.  The marital allocations were complex due to the conflicting testimony and convoluted evidence, but in pertinent part, the marital business was allocated to Theresa with

instructions to sell the property (and its contents), and the proceeds were to be used to pay off the couple's various debts, liens, and encumbrances. At the conclusion of the hearing, the family court instructed the parties to assist in the sale and distribution of assets and instructed Stephen to deliver the marital business key to the office of Theresa's counsel by noon the following day. Stephen did not deliver the key.

The next day, on March 8, 2022, the family court entered a temporary order pending preparation of a final decree that, in part, granted Theresa ownership of the marital business and its contents, instructed Stephen to return all property removed from the marital business, and stated that failure of Stephen to do so would result in a finding of contempt.

Thereafter, Stephen filed a motion to set aside the decree and a motion seeking emergency custody of the youngest child. Theresa filed a motion to approve the sale of the marital business and a motion for contempt. A second evidentiary hearing was held on April 12, 2022 ("April Hearing"). At this seven-hour April Hearing, Theresa was again represented by counsel; Stephen AGAIN appeared *pro se*. While the family court attempted to limit testimony to relevant, properly preserved arguments, it again granted Stephen great latitude. The hearing did not substantively alter the family court's prior oral determinations.

On April 13, 2022, the family court entered its Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage ("Final Decree"). In the Final Decree, the family court, in relevant part, authorized Theresa to liquidate the marital business "in a reasonably prompt and commercially reasonable manner" in order to satisfy the marital debts including taxes, the business property mortgage, debts owed to business suppliers, and other encumbrances. The Final Decree indicated that Stephen had made arguments without evidentiary

-3-

support, and that the family court questioned Stephen's veracity. Stephen moved for post-judgment relief under Kentucky Rules of Civil Procedure ("CR") 59.02, 59.05, and 60.02. The family court denied Stephen's motion in full in a written order entered on April 26, 2022 ("Hearing Order"). Stephen appealed.

*Keen v. Keen*, No. 2022-CA-0590-MR, 2023 WL 5986686, at *1-2 (Ky. App. Sep. 15, 2023) (footnotes omitted).

Stephen's primary contention in Appeal No. 2022-CA-0590-MR was that the family court abused its discretion by compelling a sale of the marital business to satisfy the marital debts. Another panel of this Court disagreed with Stephen's contention and affirmed the decision of the family court by Opinion rendered September 15, 2023. Stephen did not seek discretionary review.

In October of 2023, Stephen retained new counsel and both parties filed various motions in the family court. Among those was Stephen's motion seeking release of marital funds held in escrow. Then, on December 14, 2023, Stephen's counsel filed a Motion for Relief from Judgment Pursuant to CR 60.02 (d)-(f) (CR 60.02 Motion) on December 14, 2023. Therein, Stephen alleged he was entitled to relief from the portion of the April 13, 2022 Findings of Fact, Conclusions of Law, Decree of Dissolution of Marriage "which awarded 100% of the parties' auto body business to [Theresa]. As grounds therefore, [Stephen] submits it is no longer equitable that this portion of the Judgment have application,

especially in light of potential fraud and/or irregularities that affected the proceedings under CR 60.02(d)." December 14, 2023 CR 60.02 Motion at 1.

The parties and their respective counsel appeared before the family court on December 20, 2023. Counsel for Stephen asserted that an unexplained change occurred between the time of the family court's oral ruling at the conclusion of the March 7, 2022 Hearing and the March 8, 2022 Temporary Order entered the following day. More particularly, Stephen asserts that the family court ordered that the martial business was to be divided equally between the parties. This is inaccurate.

At the March 7, 2022 Hearing, the family court ruled from the bench that effective today, possession of the marital business (the body shop and its contents) would go to Theresa and that she is directed to sell same; proceeds from the sale shall be applied to the Independence Bank debt, the tax liens and any remaining proceeds to "be allocated evenly but there is other work we have to do." Trial Record ("TR") March 7, 2022 Hearing at 4:26:49. The family court then proceeded to allocate the remaining marital property and debts in an equitable manner. The March 8, 2022 Temporary Order provided that Theresa was authorized "to take immediate possession of all business assets and property . . . to effectuate the terms of this Court's ruling and forthcoming Decree and Orders concerning marital property and division of business assets." The family court was

not inconsistent between the oral ruling on March 7, 2022 and the Temporary Order of March 8, 2022, as the court did not alter the division of the parties' marital assets; rather the court merely ordered how the liquidation of that asset was to occur.

The family court ultimately denied Stephen's CR 60.02 motion by Hearing Order entered December 14, 2023. Therein, it was stated: "The Court finds that there is no basis to reopen the issue of the award of property pursuant to the March 8, [2022] Temporary Order, which was subsumed into the subsequent final Decree, which was itself appealed and affirmed." This appeal follows.

Stephen is proceeding *pro se* on appeal. We set forth his contention of error verbatim:

> The trial Court Judge abused the discretion of the court by Denying Petitioner Stephen Keen the right to a hearing with the Newly Discovered Evidence KRS 60.02 that will prove that the trial court judge and an officer of the court with abuse of power denied the Appellant his property and his just portions of the marital estate due to EX PARTE Communication with Counsel for Respondent Chris Stearns swaying his decision making to ALL one side.

Stephen's Brief at 15-16.

In support thereof, Stephen once again asserts that the March 8, 2022 Temporary Order Pending Preparation of Final Decree (Temporary Order) differs from the oral rulings the family court made from the bench following the final

hearing on March 7, 2022. Essentially, Stephen is trying to relitigate his prior appeal, arguing that the family court erred by allocating the marital business to Theresa to satisfy the martial debts.

CR 60.02 provides relief from a final judgment where relief was unavailable by direct appeal or a motion to vacate. CR 60.02 provides, in relevant part:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief.

It is well established that this Court reviews the family court's denial of a motion pursuant to CR 60.02 for abuse of discretion. *Carroll v. Carroll*, 569 S.W. 3d 415, 417 (Ky. App. 2019) (citation omitted). The law is clear that CR 60.02 cannot be used to relitigate issues that were or "could reasonably have been presented by direct appeal." *Kentucky Ret. Sys. v. Foster*, 338 S.W. 3d 788,796 (Ky. App. 2010) (citation omitted). And, it is equally well settled that the law of the case doctrine precludes same. *Brooks v. Lexington-Fayette Urb. Cnty. Hous. Auth.*, 244 S.W.3d 747, 751 (Ky. App. 2007). The law of the case doctrine is a universally recognized rule "that an opinion or decision of an appellate court in the

same cause is the law of the case for a subsequent trial or appeal however erroneous the opinion or decision may have been." *Id.* at 751 (citing *Union Light, Heat & Power Co. v. Blackwell's Adm'r*, 291 S.W.2d 539, 542 (Ky. 1956)). The law of the case doctrine is "predicated upon the principle of finality" and provides:

> The law of the case rule is a salutary rule, grounded on convenience, experience and reason. It has been often said that it would be intolerable if matters once litigated and determined finally could be relitigated between the same parties, for otherwise litigation would be interminable and a judgment supposed to finally settle the rights of the parties would be only a starting point for new litigation.

*Id.* at 751.

In this case, the family court ruled from the bench at the March 7, 2022 hearing that the parties' marital business would be allocated to Theresa with instructions to sell the property, including its contents, and utilize the proceeds to pay off the parties' debts, liens, and encumbrances. The family court directed counsel for Theresa to prepare Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage consistent therewith. The family court also ordered Stephen to turn over the keys to the marital business to Theresa's attorney by noon on the next day; Stephen failed to do so.

The following day, March 8, 2022, a Temporary Order was entered wherein the family court noted that Stephen had failed to turn over the keys to the parties' marital business as ordered the previous day; thus the court ordered that

-8-

Theresa "take immediate possession of all business assets and property . . . in order to effectuate the terms of this Court's ruling and forthcoming Decree and Order concerning marital property and the division of martial assets." March 8, 2022 Temporary Order at 1. Findings of Fact, Conclusions of Law, and Decree of Dissolution were subsequently entered on April 13, 2022, that adjudicated division of the parties' marital assets. Stephen then pursued a direct appeal (Appeal No. 2022-CA-0590-MR). In that appeal, this Court affirmed the family court's division of the parties' marital assets.

Application of the law of the case doctrine precludes this Court from again reviewing the family court's allocation of the martial business to satisfy the parties' marital debt as this issue has been litigated and finally determined by this Court in Appeal No. 2022-CA-0590-MR. *See Brooks*, 244 S.W.3d 747. In other words, the family court's decision to allocate the martial business to Theresa for liquidation and satisfaction of the parties' marital debts was finally decided in the first appeal. *See id.* at 751. Therefore, Stephen's motion pursuant to CR 60.02 to be relieved from the final judgment is nothing more than another attempt to relitigate issues related to the division of the parties' marital property that was finally adjudicated in Appeal No. 2022-CA-0590-MR, which affirmed the family courts division of the parties' marital assets.

We view any remaining issues to be moot or without merit.

For the foregoing reasons, the decision of the Henderson Circuit Court, Family Court Division is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

Stephen Douglas Keen, *pro se*           Christopher Stearns
Evansville, Indiana                      Morganfield, Kentucky