RENDERED:  DECEMBER 19, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0300-MR

MICHAEL O'CONNELL                                                                APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE JESSICA E. GREEN, JUDGE
ACTION NO. 18-CI-002810


CHRISTOPHER THIENEMAN                                                      APPELLEE


OPINION
REVERSING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE:  This is a defamation case arising from a speech given by

Appellant, the Jefferson County Attorney, Michael O'Connell ("O'Connell").

Appellee is Chris Thieneman ("Thieneman").  Thieneman was convicted of

second-degree Wanton Endangerment in 2015 for strangling a female victim.  On

May 1, 2018, the Jefferson County Law Library sponsored a celebration of Law

Day, with an outdoor event held at a park in downtown Louisville, Kentucky.

O'Connell was one of several speakers. A truck was parked nearby with a billboard stating, "Vote Out Mike O'Connell, Louisville's Sexual Predator Protector paid for by victims of the youth explorer program," with Thieneman listed as treasurer. During his Law Day speech, O'Connell made the following remarks about Thieneman:

> He was convicted by a jury of his peers, a conviction which was upheld by the courts of this county[;] therefore he's obviously free to speak in the manner he wants, but my office, and my prosecutors, the women in my office will not be intimidated by the speech of Mr. Thieneman. He is a sexual predator, he was convicted of trying to strangle his then-girlfriend, and the women in this community should be wary and be prepared to not come in contact with him, ever. He is a danger to this community, and to the women in this community, and each one should make sure they take every precaution they can to protect themselves from this sexual predator. There. That's my right of free speech, and my office won't be intimidated by this. And, between now and whenever, and as long as he wants to keep that up, I'll call it exactly what it is, a sexual, uh excuse me, a domestic violence perpetrator, and an abuser of women, and he strangles women, and was convicted by a jury, and upheld by the appeals court. Thank you very much.

Thieneman filed a defamation suit against Mr. O'Connell in Jefferson Circuit Court based solely on these remarks.[1] O'Connell filed a motion to dismiss based on immunity, which the court denied. A previous panel of this Court affirmed.

---

[1] On page nine of his Appellee brief, Thieneman also relies solely on this speech, and does not make any additional allegations based on anything that was produced during discovery.

*O'Connell v. Thieneman*, 616 S.W.3d 704, 706 (Ky. App. 2020) (*O'Connell I*). In so holding, the Court engaged in an extensive discussion of governmental immunity.

The Kentucky Supreme Court denied O'Connell's motion for discretionary review. On remand, the parties engaged in discovery. Years later, O'Connell filed a motion for summary judgment. He again argued that he was entitled to immunity. The circuit court denied his motion and specifically held that the legal element of "malice" was a fact question remaining for the jury. O'Connell appeals to this Court as a matter of right. For the following reasons, we REVERSE.

## STANDARD OF REVIEW

This interlocutory appeal is permissible pursuant to *Breathitt County Board of Education v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. "[O]nce the material facts are resolved, whether a particular defendant is protected by official immunity is a question of law, which we review *de novo*." *Rowan Cnty. v. Sloas*,

---

[2] Kentucky Rules of Civil Procedure.

201 S.W.3d 469, 475 (Ky. 2006), *as corrected* (Sep. 26, 2006) (citations omitted).

With these standards in mind, we return to *O'Connell I*.

<b><u>ANALYSIS</u></b>

> The elements of a defamation claim are as follows: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014), *as corrected* (Apr. 7, 2015) (citation and footnote omitted). **Thus, in addition to proving each of these elements, O'Connell's qualified official immunity imposes upon Thieneman the additional burden of showing that the Law Day remarks were made, not negligently, but maliciously, *i.e.*, in bad faith**.

*O'Connell I*, 616 S.W.3d at 709 (emphasis added). We are bound by this decision under our law of the case doctrine. *Brooks v. Lexington-Fayette Urb. Cnty. Hous. Auth.*, 244 S.W.3d 747, 753 (Ky. App. 2007). Therefore, we need not address any of the substantive elements of defamation that may be at issue in the underlying suit. Rather, the question before us is clear—whether O'Connell's comments were made "maliciously, *i.e.*, in bad faith." The answer to this question, while not binding on this Court, has been aptly stated as follows:

> I concede that O'Connell conflated the nature of Thieneman's offenses with the allegations posted on the billboard—he twice referred to Thieneman as a "sexual predator." This was clearly an inaccurate statement of the facts surrounding the conviction. But O'Connell

> specifically noted the facts supporting the conviction and he corrected his prior mischaracterization of Thieneman's actions near the close of his remarks.

*O'Connell I*, 616 S.W.3d at 714 (Maze, J., concurring).

To be clear, the present issue was ripe for adjudication by the circuit court. *Meinhart v. Louisville Metro Gov't*, 627 S.W.3d 824, 829–30 (Ky. 2021). *See also Sheehy v. Volentine*, 706 S.W.3d 229 (Ky. 2024); *Dickerson v. Bower*, ___ S.W.3d ___, 2025 WL 568557 (Ky. App. 2025), *discretionary review denied* (Dec. 10, 2025).[3]  As Justice Nickell pointed out in *Meinhart*:

> Once the officer or employee has shown *prima facie* that the act was performed within the scope of his/her discretionary authority, the burden shifts to the plaintiff to establish by direct or circumstantial evidence that the discretionary act was not performed in good faith.

*Meinhart*, 627 S.W.3d at 835 (internal quotation marks and citations omitted).

And as the Kentucky Supreme Court more recently mandated in *Sheehy*:

> In this capacity as a factfinder, the trial court must have the concomitant authority to judge credibility and give weight to the evidence.  Unless a factual conclusion is clearly erroneous, neither the Court of Appeals nor this Court has authority to set those conclusions aside.

---

[3]  As O'Connell correctly notes, this case is designated for publication, and although it has become final, it has not yet been assigned a citation in the South Western Reporter.  Therefore, it is cited pursuant to Kentucky Rule of Appellate Procedure (RAP) 41 as persuasive authority only.

*Sheehy*, 706 S.W.3d at 244.  Lastly, *Dickerson* appears to be the most recent decision of this Court applying *Meinhart* and *Sheehy*.  *Dickerson* concludes that the argument that a jury should determine whether the evidence demonstrates a malicious intent was "not well-taken and is expressly rejected by our Supreme Court."  *Dickerson*, ___ S.W.3d ___, 2025 WL 568557, at *7.

In consideration of these cases, we have been presented with nothing that would necessitate a jury to determine whether O'Connell acted in bad faith.[4] O'Connell's Law Day speech indicates that he misspoke, and then almost immediately corrected himself.  There was no malice here as a matter of law. Therefore, O'Connell is entitled to qualified immunity as a matter of law under the extremely narrow and undisputed facts of this case.[5]

## CONCLUSION

For the foregoing reasons, the order of the Jefferson Circuit Court is REVERSED.

ALL CONCUR.

---

[4]  O'Connell's motion for summary judgment asserts that "there have been seven motions to compel and discovery orders against Thieneman in the past year in attempts to prepare the case for trial."  This further reinforces the fact that Thieneman has had three additional years since the rendition of *O'Connell I* to prove malice but has failed to do so.

[5]  Nothing herein alters this Court's decision or application of sovereign immunity in *O'Connell I*.  Rather, our decision is based solely on the application of qualified immunity.

BRIEFS FOR APPELLANT:  BRIEF FOR APPELLEE:

Joseph Klausing     Alan J. Statman
Louisville, Kentucky    Cincinnati, Ohio

Kristie B. Walker
Richard Elder
Louisville, Kentucky